1843.

Sanford
v.
Jackson.

SANFORD *vs.* JACKSON and others.

Where a testator devised all his property real and personal to his wife and to two other persons, to be kept for her use and support so long as she should continue his widow, and until his youngest child should become of age, and then directed that all his property should be divided equally among his children; and she survived the testator, and afterwards married a second time; *Held*, that the devise in her favor was not inconsistent with her claim of dower in the testator's real estate, after his youngest child arrived at the age of twenty-one, and that her acceptance of the devise was no bar to such claim of dower.

*Held also*, that the devise of the real estate for her use, during her widowhood, not being coupled with any trust or charge for the support of the children in the mean time, was an absolute devise to her of a particular estate in the premises; which vested the legal title in her during the minority of the children.

To bar the widow of her dower, by implication, and to compel her to elect, where the testator has not, in terms, declared his intention on the subject by his will, the provisions of the will, or some of them, must be absolutely inconsistent with the claim of dower; so that the intention of the testator will be defeated, as to some part of the property devised or bequeathed to others, if the widow takes her dower in addition to the provision made for her by the will.

To compel the widow to elect between her dower and the provision made for her by the will, it is not sufficient that the provisions of the will render it doubtful whether the testator intended she should have her dower in addition to the provision of the will in her favor. But to deprive her of her dower, the terms and provisions of the will must be such as to show an evident intention, on the part of the testator, to exclude the claim of dower.

A devise and bequest by the testator of all his real and personal estate to his children, in general terms, to be equally devided between them, will not be construed to include a particular estate which one of the children has in some portion of the testator's real property; so as to compel such child to elect between such particular estate and an equal share of the property which the testator was authorized to devise.

But where the testator devises a particular farm to all his children, together with his personal property, to be equally divided between them, without making any exception of or reference to a particular estate which one of the children has in such farm, the child who has such a particular estate in the farm will not be permitted to set it up in opposition to the devise of such farm by the will; but he will be put to his election, between his particular estate in the farm and the equal share of the property given to him by the will.

May 2.    THIS was an appeal by the complainant, and T. Babcock, one of the defendants, from a decree of the vice

chancellor of the fifth circuit, in a partition suit. The only question in controversy between the parties was as to the right of Mrs. Jackson, one of the defendants, to dower in the premises, under the following circumstances : E. Babcock, the former husband of Mrs. Jackson, died seized of the premises, in January, 1819, leaving his widow and six children surviving him ; the youngest of which children was then but five months old. By his will, which was made immediately previous to his death, he devised to his wife all his property, real and personal, after payment of his debts ; to be kept by her, together with R. Almy and B. Trumbull, as trustees, in trust for her use and support as long as she continued his widow, and until his youngest child should become of age ; and then he directed that his property both real and personal should be equally divided among his six children. The widow married A. R. Jackson, a year or two after the death of the testator. She and her husband had the exclusive possession of the premises in question, which embraced all the real estate of the testator, from the time of his death until 1839, when the youngest child became of age. And the children, for most of the time during their respective minorities, resided with their mother and stepfather. The vice chancellor decided that the provisions of the will were not inconsistent with the claim of dower ; and that Mrs. Jackson was not therefore barred of her dower, by the acceptance of the devise and bequest of the testator's property during her widowhood and until her youngest child arrived at the age of twenty-one years.

*L. H. Sandford,* for the appellants. The devise to the widow was in lieu of dower. The implication that she should not have both is not only very strong and necessary, but the devise is entirely inconsistent with the claim of dower. Both cannot exist together. Mrs. Jackson cannot, at the same time, take the whole real estate for twenty years, until the youngest child becomes twenty-one, and also one third of it for her own life by way of dower. The authorities on this point seem to be clear and conclusive. (*Amb.*

466 ; *S. C.* 2 *Eden*, 236 ; *Amb.* 682, *S. C.; 1 Br. C. C.* 14, *App. Amb.* 730 ; 1 *Ves. jun.* 335, *S. C.*  3 *Bro. C. C.* 252. 2 *Ves. jun.* 572.  2 *Sch. & Lef.* 444.  2 *Ves. & B.* 222.  4 *Madd.* 119.  2 *John. Ch.* 468.  7 *Cowen*, 288. 1 *Saxton's Ch.* 216, *N. J.*  1 *Dall.* 418.  6 *Conn.* 31.) Mrs. Jackson elected to take the devise, and she is therefore barred of her dower.  Twenty years sole and exclusive possession and enjoyment establishes her election.  (3 *Co. Rep.* 27.  *Gosling* v. *Warburton*, *Cro. Eliz.* 128.  2 *Vern.* 581.  10 *John.* 30.)  The devise as to the widow's interest was not in trust, but was to her directly.

*F. G. Jewett*, for the respondents Jackson and wife. Mrs. Jackson is entitled to dower in the whole premises, and her claim of dower is not barred by the devise to her, and by her occupancy of the premises until her youngest child became twenty-one.  The devise was not expressly made in lieu of dower, and her claim of dower is not inconsistent with such devise.  (7 *Cowen*, 287.  2 *John. Ch.* 450.  2 *Sch. & Lef.* 444.  1 *Bin.* 565.  4 *John. Ch.* 9.) Mrs. Jackson is also entitled to a life estate in the share of Ruth Babcock, one of the children of the testator.  (1 *R. S. 2d ed.* 742, § 6.)  A demand of dower within twenty years was not necessary, as the husband died previous to the revised statutes going into effect.  (8 *Wend.* 661.) The respondents are entitled to costs.

THE CHANCELLOR.  The common law principle upon which the widow is compelled to elect, between her dower and a provision made for her in the will of her deceased husband, is well settled, and the only difficulty arises in applying it to the varying circumstances of each particular case.  Where the testator in terms declares that the provision made in favor of the wife is in lieu of dower, if she accepts the provision she cannot have her dower in the testator's estate also ;  even in those cases where the assignment of her dower would not interfere with any other provision of the will, except such declared intent of the testa-

tor.  But to bar her of her dower by implication, where the testator has not in terms declared his intention on the subject, by his will, the provisions of the will, or some of them, must be absolutely inconsistent with her claim of dower ; so that the intention of the testator will be defeated, as to some part of the property devised or bequeathed to others, if she takes her dower as well as the provision made for her in the will.  (*Pickett* v. *Peay,* 2 *Tread. Const. Rep. S. C.* 748.  *McCullough* v. *Allen,* 2 *Yeates' Rep.* 10.) And to deprive the wife of her dower, or to compel her to elect, it is not sufficient that the provisions of the will render it doubtful whether the testator intended she should have her dower, in addition to the provision made for her by the will ; but the terms and provisions of the will must be such as to show an evident intention, on the part of the testator, to exclude the claim of dower.

The question has been frequently discussed, in England, whether the charge of a legacy or annuity to the wife upon the husband's real estate, or upon the proceeds thereof, was sufficient to constitute a case for election, and the decisions on that subject have been in conflict.  In the case of *French* v. *Davies,* (2 *Ves. jun. Rep.* 572,) which came before Lord Alvanley, in 1795, he refers to the cases previously decided. And he then said it was hardly possible to reconcile the cases of *Foster* v. *Cook,* (3 *Bro. C. C.* 347,) and *Pearson* v. *Pearson,* (1 *Idem,* 292,) with the cases of *Arnold* v. *Kempstead, Villareal* v. *Lord Galway,* and *Jones* v. *Collier,* (*Amb. Rep.* 466, 682, 730.)  His decree, however, was in favor of the widow, and in accordance with the decision of Lord Loughborough and Lord Thurlow in the two first mentioned cases.  And that decision was followed by Sir William Grant, in *Greatorex* v. *Cary,* (6 *Ves. Rep.* 615.)  The subsequent case of *Chalmers* v. *Storil,* (2 *Ves. & Beame,* 225,) decided by the same learned equity judge, eleven years afterwards, is apparently in conflict with his decision in *Greatorex* v. *Cary.*  But, upon examining the two cases, it will be seen that in the first case the charge of the annuity was upon the testator's real and personal estate general-

1843.

Sanford
v.
Jackson.

ly ; whereas in the last case, as appears by the opinion of his honor, the real estate devised was particularly described as his English estates. And therefore the devise in the last case was equivalent to a devise of a particular farm to his wife and two children, to be equally divided between them.

I am not prepared to say that such a distinction does not in fact exist. For the principle upon which the widow is compelled to elect is the same as that upon which this court compels an election in other cases. And if the testator should devise all his real and personal estate to his children, in general terms, to be equally divided between them, such a devise would not be held to include a particular estate which one of the children had in some of his father's real property ; so as to compel him to elect between that particular estate and the portion devised to him by the will. On the other hand, if the devise to the children was of a particular farm, and of all the testator's personal property, to be equally divided between them, one of the children would not be permitted to set up a particular estate in that farm as belonging to himself, and also to have an equal division of all the rest of the property, except that particular estate which was neither excepted nor referred to in the will ; but he would be put to his election. (*See Harrington* v. *Hughes*, 1 *Paige*, 569.) Sir Thomas Plumer, however, does not appear to have acted upon this distinction in the subsequent case of *Dickson* v. *Robinson*, (*Jacob's Rep.* 509,) where the devise of the testator's real and personal estate was made to his wife in trust for herself and children equally ; for in that case he compelled the widow to elect.

The case of *Miall* v. *Brain*, (4 *Mad. Rep.* 119,) was placed upon the ground that it clearly appeared that the testator intended the daughter should have the sole and exclusive occupancy of a particular house ; and that a devise of his real estate to the trustees must necessarily be discharged of dower, to enable them to give the daughter such such exclusive use of the house. And this rendered it certain · that the testator must have intended to exclude the widow from a claim of dower, in the estates devised to the trustees,

if she accepted the provision made for her in the will. And in *Roadley* v. *Dixon*, (3 *Russ. Rep.* 192,) although Lord Lyndhurst seemed to think the case of *Villareal* v. *Lord Galway* was properly decided, he places his decision in the case before him, expressly upon the provision in the will, that the trustees were directed to occupy and manage the farm at Searby, which constituted a very considerable portion of the testator's estate, by employing a proper person as bailiff to superintend the same, and to receive and invest the rents for the use of his son during his minority; which directions his lordship held to be wholly inconsistent with the right of the widow to have one third of that farm set off to her for her dower, at the same time.

In the more recent case of *Dawson* v. *Bell*, (1 *Keen's Rep.* 761,) where the testator devised all his freehold and copyhold estates, &c. to trustees upon trust to receive the rents and profits for the maintenance of his children, subject to an annuity to his wife so long as she should remain his widow, until the youngest arrived at the age of twenty-one years, and bequeathed his household goods and furniture to his wife so long as she should continue his widow, Lord Langdale decided that the wife was entitled to dower in addition to the provisions made for her in the will. He said in that case, that it could not reasonably be doubted that the testator had no intention to leave to his wife her claim to dower, when he made the will; but that the question was whether the devise was of such a nature as to be inconsistent with the enjoyment of dower by the widow. In other words, his decision was placed upon the ground assumed by this court in *Yates* v. *Fuller*, (8 *Paige's Rep.* 331,) that it was not sufficient, to exclude the claim of dower, that the testator if he had contemplated the subject of dower would probably have inserted a provision in his will declaring the dispositions in her favor to be in lieu of dower; but that to put her to elect, the court must be satisfied that he intended to exclude such claim, either by a declaration to that effect in the will, or by the insertion of some provision therein which was inconsistent with her claim of dower.

1843.

Sanford
v.
Jackson.

A similar decision was made by Lord Langdale in the sub-sequent case of *Harrison* v. *Harrison*, (1 *Keen's Rep.* 765,) where the circumstances were substantially the same. As the case of *Reynard* v. *Spence*, (5 *Lond. Jurist*, 487,) was decided by the same judge, I presume he based his decision, in that case, upon the provision in the will which directed the trustees to complete the agreement for partition; to enable them to do which it was necessary to have an estate discharged of a claim of dower. I find nothing therefore in any of the English cases inconsistent with the claim of dower, by the widow, in the case now under consideration.

It is difficult to say what the precise meaning of the testator was in devising his property to his wife and others, in trust for her use, so far as the real estate was concerned, during her widowhood and until the youngest child became of age. But as no charge is made on it, for the support of the children in the mean time, it must be considered as an absolute devise; which was turned into a legal estate in her, during the minority of the youngest child, under the provisions of the revised statutes. (1 *R. S.* 727, § 47.) The fact that no provision is made for the children during their minorities does not show any intention, however, to deprive their mother of her dower after they became of age. And the devise of all his real estate to her, in general terms, for the same time, would not indicate any intent on the subject of dower previous to the time when the children are to receive their shares of the estate in possession. For until the youngest of them became of age it was wholly immaterial whether she took the whole real estate under the will, discharged of dower, or took two-thirds of it under the devise and the residue under her common law right of dower. And the question of election can only arise when the two claims come in conflict with each other so as to affect the interests of other parties.

The case of *Stark* v. *Hunter*, (1 *Saxton's Ch. Rep.* 216,) I have not been able to find. But taking it as stated in the appellant's brief, it appears to be inconsistent with all the cases on the subject either in this state or in England. For an absolute devise to the wife during her widowhood,

and to be disposed of according to law in case she should marry again, would leave it subject to her dower after her re-marriage ; where by law the children or heirs of the decedent were only entitled to take real estate by descent subject to the legal right of his widow to her dower therein. The case of *Chappel* v. *Avery*, (6 *Conn. Rep.* 31,) does not appear to have arisen upon a question of election between a common law right to dower and a testamentary provision inconsistent with that right, but upon the question whether the estate to the wife terminated, in favor of the son, upon her re-marriage.   It is probable therefore that there was in that case a clause in the will declaring that the provision made for her was to be in lieu of dower.   Or there may have been a local statute, as there is in Massachusetts and Pennsylvania, declaring that a devise or bequest to the wife, of any portion of the husband's property, shall be deemed and taken to be in lieu of dower, unless the testator has declared otherwise in his will. (*Rev. Stat. of Mass.* 410, § 11.   *Purdon's Dig. Laws of Penn.* 5 ed. 972, § 11.) The case of *Creacraft and wife* v. *Dille*, (3 *Yeate's Rep.* 80, *Addison*, 350, *S. C.*) appears to have been decided upon the equitable principle of an agreement between the testator and his wife, that she should accept the provision in the will in full satisfaction of her dower.   In *Hamilton* v. *Buckwalter*, (2 *Yeates' Rep.* 389,) the decision was against the widow upon the ground that the will expressly provided that in case of her second marriage she should *leave* the plantation in the Champeter township, which was devised to her for life or during her widowhood, on receiving a certain pecuniary compensation ; which provision for leaving the lands the court considered as wholly inconsistent with a claim to retain one-third of the plantation for her dower. (See *McCullough and wife* v. *Allen*, 3 *Idem*, 10 ; *Webb* v. *Evans*, 1 *Burr. Rep.* 565 ; *and Hill* v. *Hernsworth*, *Lloyd & Goold's Rep. Temp. Plunket*, 87.)

After examining all the cases within my reach, upon the subject of the widow's right to claim dower in addition to the testamentary provisions in her favor, and particularly

Vol. X.　　　　　35

*margin:*

1843.

Sanford
v.
Jackson.

the decisions in this state and in England, I have not been able to bring my mind to the conclusion that there is any thing in the testator's will, in this case, indicating a clear intention on his part to deprive his widow of her dower in his real estate, after his children had all arrived at the age of twenty-one ; or that suffering her to claim her dower in such estate, for the residue of her life, would defeat his intention in any respect. And although it is not a case entirely free from doubt, I think the vice chancellor was right in allowing to the widow her dower in the premises. The decree appealed from must therefore be affirmed with costs.