## LEWIS *against* SMITH.

A devise of the testator's whole estate to his widow for life, with remainders over, is not a provision in lieu of dower, unless such intention be implied from other terms of the will; and the widow may take one-third of the estate as doweress and the residue as devisee.

A claim of dower in premises so devised is not barred by a foreclosure and sale under a mortgage executed by the husband alone during coverture, although the widow was made a party to the foreclosure suit, and the bill, which was taken as confessed against her, alleged, in pursuance of the 132d rule of the late court of chancery, that she claimed some interest in the premises " as subsequent purchaser or incumbrancer, *or otherwise.*"

A decree against defendants, made parties under such general allegation, bars rights and interests in the equity of redemption, but not those which are paramount to the title of both mortgagor and mortgagee.

A power of sale contained in a will authorizing executors to sell all the testator's " fast estate," does not embrace lands which have been sold by contract by the testator, the purchase money being unpaid, and the title still remaining in him. The interest remaining in the vendor in such case is a right to the money due on the contract, which is not real but personal estate.

THIS action was commenced in July, 1849, for the recovery of dower in fifty acres of land, in Reading, Steuben county, which the plaintiff claimed as the widow of George Lewis, deceased. The answer set up the defences which were relied on at the trial.

The cause was first tried at the Steuben circuit, in February, 1850, before Mr. Justice JOHNSON, without a jury. Judgment was rendered for the defendant, which was reversed and a new trial ordered by the court at general term. (11 *Barb.*, 152.)

The second trial was had in November, 1852, before the same justice. It appeared that the plaintiff was married to George Lewis in 1816, in Pennsylvania, and that he died in England, in September, 1830. The plaintiff proved a conveyance, executed by Jonathan Lawrence and others to Lewis in 1807, by which section number eighteen, in Watson's

purchase, containing eight hundred and thirty-one acres, of which the premises in question are a part, was conveyed to Lewis. The defence consisted of two points: first, that the husband had by his will made a provision for the plaintiff in lieu of dower, which she had elected to accept; and secondly, a *res adjudicata* against her right in the court of chancery.

The will was executed in England on the 28th of May, 1830, and the part material to this question is in these words : " First, I leave my excellent wife, Drusilla Lewis, sole executrix ; Samuel Corp, merchant, of New-York, William Elliott, of the city of Washington, my brother-in-law, late of the patent office of the city of Washington, and .Jonathan Roberts, formerly senator in congress from the State of Pennsylvania, and Ithiel Town, of the city of New-York, but now on his travels; I leave to each of the above, for the trouble I may give him in executing the above commission, one hundred pounds sterling.

"I leave to my good wife Drusilla Lewis, formerly D. Howlett, the whole of my property both real and·personal of every sort and kind: after the decease of my before mentioned wife, my effects both real and personal to be divided between the following persons, viz : William Elliott, in Washington, my brother-in-law, my wife's two nephews, Thomas L. Dewitt and George Lewis Dewitt, both minors, and are not to receive the preceding until they are of full age. To carry the above into full effect, I empower my executors to make sale of the fast estate and lodge the proceeds with the executrix, who is to enjoy the whole during her life, and then to be divided as before described, but it must be understood that there must be no division until the executrix finds it convenient, as the well ascertained debts must first be paid after the decease of my wife. The division must take place as tenants in common, not as joint tenants." " It is to be understood that the persons designated to receive my property after the decease of my wife, Drusilla Lewis, that it is left to them, their heirs and assigns

forever." The plaintiff had not entered or commenced pro-
ceedings for dower so as to repudiate the provision in her
favor, pursuant to 1 *R. L.*, 742, § 14, and the question on
this part of the case is whether the provision is "in lieu of
dower."

As to the alleged *res adjudicata,* the facts are as follows:
Prior to the 6th of July, 1826, George Lewis had made
executory contracts for the sale of various portions of the
land conveyed to him by Lawrence and others, and among
other parcels had contracted to sell to the defendant in this
action the fifty acres out of which dower is claimed. On
the day last mentioned Lewis mortgaged all his lands in
Reading to the Manhattan Company, to secure an unliqui-
dated indebtedness. The mortgage recited the contracts
and conveyed the land and the moneys due him on the
contracts by way of mortgage, and was in other respects
in the usual form. On the 13th June, 1833, the Manhattan
Company assigned the mortgage to James Pumpelly of
Owego. In October, 1834, Pumpelly and the defendant in
this action, and the other persons who, like him, held exe-
cutory contracts for portions of the premises, filed a bill in
chancery before the vice-chancellor of the sixth circuit
against the plaintiff and William Elliott, who alone had
acted as executors of the will of Lewis, and against Thomas
and George L. Dewitt, the devisees under that will, for the
foreclosure of the mortgage. The bill set out the several
contracts of sale, the mortgage and assignment to Pumpelly,
the death of Lewis, and his will, a liquidation of the debt
to the Manhattan Company by Lewis in his lifetime, at
$3000; the fact that the plaintiff and William Elliott were
the sole acting executrix and executor and that the will was
in their possession; and it then contained the following
averment: "And your orator, James Pumpelly, further
showeth unto your honor that he is informed and believes
that the said Drusilla Lewis, William Elliott, Thomas L.
Dewitt and George Lewis Dewitt have or claim to have

Lewis *against* Smith.

some interest in the aforesaid mortgaged premises as subsequent purchasers or incumbrancers, or otherwise; but what particular interest your orator is not informed." It stated that the complainants who were the vendees under the contracts, desired to pay up for their lands, and that Pumpelly was willing to convey to them on receiving payment of their contracts; that the acting executrix and executor were in possession. There was a formal charge of confederacy between the plaintiff, Mrs. Lewis, William Elliott and persons unknown. The prayer was that the defendants might answer, that the executrix and executor might be decreed to pay the mortgage debt, that all the defendants and all persons holding under them might be foreclosed "of and from all equity of redemption and claim of, in and to" the mortgaged premises, and that they might be sold, and for process of subpœna. The bill was taken as confessed upon a personal service of the subpœna upon Mrs. Lewis and George L. Dewitt, and the publication of notice to the other defendants. A decree of foreclosure and sale was entered on the 28th September, 1835, the proofs and computation having been made on a reference to a master. It contained the usual order for a sale of the mortgaged premises, for the payment of the mortgage debt, which had been computed at $3078.25, and the costs, for bringing the surplus into court, for a conveyance to be executed by the master, and that the purchaser should be let into the possession. It provided likewise that if the proceeds should not be sufficient to pay the debt and costs, the executrix and executor should pay the deficiency out of the estate of Lewis. The decree also contained provisions for the adjustment of the respective rights of the complainants among themselves. At a sale under the decree, Pumpelly became the purchaser; and he conveyed the fifty acres in question to the defendant. The defendant's counsel moved for a nonsuit on the grounds before referred to, which was denied and he excepted.

Lewis *against* Smith.

The judge held that the plaintiff was entitled to recover and the defendant again excepted. The judgment was affirmed at a general term. The defendant appealed to this court.

*J. M. Parker* for the appellant.

I. George Lewis, by his will, made provision for the respondent in lieu of dower, which she elected to take. If this is so, respondent is barred by statute from recovering dower. (1 *R. S.*, *1st ed.*, 741, 742, §§ 13, 14.) 1. It is not necessary that the provision be declared, by express words in the will, to be in lieu of dower. It is sufficient if such an intention in the testator is to be collected by clear and manifest implication from the provisions of the will. (*Adsit* v. *Adsit*, 2 *John. Ch. R.*, 448, 451; *Bull* v. *Church*, 5 *Hill*, 206; *S. C. in error*, 2 *Denio*, 430; *Leonard* v. *Steele*, 4 *Barb.*, 20.) And such intent is to be inferred from the inconsistency of the claim of dower with the provisions of the will. (*Birmingham* v. *Kirwan*, 2 *Sch. & Lef.*, 444; *Dorchester* v. *Effingham*, *Coop. Ch. Ca.*, 319.) 2. But beyond the general clause of gift in the will, this construction is strengthened by the power of sale given to the executors, not to use at their discretion, but in order to make effectual the former provisions of the will. This direction to sell the real estate and pay the proceeds to the widow for her use during life (she having also the personal estate), strongly evidences the intention to supersede the claim to dower, to change it, in effect, into an annuity. 3. The respondent has made her election to take the provision made for her in the will, since she did not within one year either enter or commence proceedings for the recovery of dower, as required by 1 *R. S.*, 742, § 14.

II. The respondent is precluded, by the decree and sale in the chancery suit, from claiming dower in the mortgaged premises against a purchaser at the sale, or any one claiming

title from such purchaser. To that suit the respondent was a necessary and proper party, clearly so as executrix and devisee, and no less so as doweress. (*Denton* v. *Nanny and wife*, 8 *Barb.*, 618.) The allegation in the bill, that she had or claimed to have some interest in the premises, as subsequent purchaser or incumbrancer, or otherwise, but what particular interest the complainants were not informed, was sufficient to put her upon her defence. (*Mitf. on Pl.*, 45; *Faulder* v. *Stuart*, 11 *Ves.*, 296; *Bullock* v. *Richardson*, id., 373; *Story's Eq. Pl.*, §§ 36, 37, 255.) If the marriage of respondent with Lewis had been subsequent to the mortgage, then the allegation made was the only one permitted by the 132d rule of the court of chancery, and would have been clearly sufficient, and the decree a bar. (*Gen. Rule*, 132; *The Union Ins. Co.* v. *Van Rensselaer*, 4 *Paige*, 85.) The complainant had a right to assume that such marriage was subsequent to the mortgage, and did so assume, and did in effect so allege. The respondent, therefore, has admitted, by suffering the bill to be taken as confessed, that her right of dower was subject to the mortgage. (*Christie* v. *Bishop*, 1 *Barb. Ch. R.*, 105, 118; *Thomas* v. *Austin*, 4 *Barb.*, 265; *James* v. *McKernon*, 6 *John.*, 559, *per* SPENCER, *J.*; *Le Guen* v. *Gouverneur*, 1 *John. Cas.*, 436, 492, 502; *Embury* v. *Conner*, 3 *Comst.*, 511; *Yates* v. *Fassett*, 5 *Denio*, 29; *McGown* v. *Yerks*, 6 *John. Ch. R.*, 450; *Jackson* v. *Hoffman*, 9 *Cow.*, 272; *Mills* v. *Dennis*, 3 *John. Ch. R.*, 367; *Frelinghuysen* v. *Colden*, 4 *Paige*, 204; *Lansing* v. *Goelet*, 9 *Cow.*, 346; *Tower* v. *White*, 10 *Paige*, 395.) But independent of the rule deduced from principle and established by numerous decisions, the statute in terms determines the precise question involved in this branch of the case. 2 *R. S.*, 192, § 158 (1st *ed.*), declares the effect of the master's deed as follows: " Such deeds shall be as valid as if the same were executed by the mortgagor and mortgagee, and shall be an *entire bar* against *each of them*, and against *all parties to the suit* in which the decree for such

sale was made, and against their heirs respectively, and all claiming under such heirs." The respondent's right of dower was but a lien, an incumbrance on the mortgaged premises. (*Siglar* v. *Van Riper*, 10 *Wend.*, 414; *Lawrence* v. *Miller*, 2 *Comst.*, 248.) She was called into court in respect to every right or incumbrance which she had, and it is alleged that such right or incumbrance is subsequent to the mortgage. The decree and sale, and the master's deed pursuant thereto, therefore, constitute an "entire bar" against the respondent's claim of dower in the premises in question.

*H. H. Burlock* for the respondent.

I. The provision made for the plaintiff in the will of her late husband is no bar to her dower. There is no inconsistency between her dower and her rights under the will. (1 *Roper's Husband and Wife*, 582; 1 *Bright's Husband and Wife*, by *Lockwood*, 554, 555; *Incledon* v. *Northcote*, 3 *Atkyns*, 430; *Birmingham* v. *Kirwan*, 2 *Sch. & Lef.*, 444, 452; *Sanford* v. *Jackson*, 10 *Paige*, 268, 9; *Wood* v. *Wood*, 5 *id.*, 601; *Fuller* v. *Yates*, 8 *id.*, 329; *Bull* v. *Church*, 5 *Hill*, 206; *same case in error*, 2 *Denio*, 430; *Adsit* v. *Adsit*, 2 *John. Ch. R.*, 448, 451, 459; *Leonard* v. *Steele*, 4 *Barb.*, 20; *Clancy's Treatise*, 230, 250.) The power given to the executors to sell the "fast estate," does not give them any right to sell the plaintiff's dower right; the sale must be subject to all claims against the property, dower included. (*Wood* v. *Wood*, 5 *Paige*, 601; *Fuller* v. *Yates*, 8 *id.*, 330; *Bull* v. *Church*, 5 *Hill*, 206; *same case in error*, 2 *Denio*, 430; *Adsit* v. *Adsit*, 2 *John. Ch. R.*, 448, 451, 459; *Ellis* v. *Lewis*, 3 *Hare*, 310; *Harrison* v. *Harrison*, 1 *Keen*, 768; *Thompson* v. *McGaw*, 3 *Law Reporter*, 135, 1 *Mctc.*, 66; *Higginbottom* v. *Cornuell*, 8 *Grattan*, 83.)

II. The decree in the foreclosure suit, the sale by the master, and the deed given by him to the purchaser at the

Lewis *against* Smith.

sale, do not bar the plaintiff from recovering her dower in this action. 1. She was not a party as doweress, but only as devisee and executrix under the will. (*Pennington* v. *Hanby*, 4 *Munf.*, 140.) 2. She was not a party to the mortgage. 3. The decree, sale and master's deed only foreclosed the equity of redemption, and did not and could not affect the plaintiff's right of dower, which was a paramount claim to the mortgage. (2 *R. S.*, 192, § 158; 1 *R. L. of* 1813, 490, § 11; *Holcomb* v. *Holcomb*, 2 *Barb. S. C. R.*, 20; *Penniman* v. *Hollis*, 13 *Mass.*, 429; *Blake's Chancery*, 56; 4 *Kent's Com.*, 186; 2 *Barb's. Ch. Prac.*, 174; *Patch on Mortgages*, 462; *Powell on Mortgages*, 967, 992; *Story's Eq. Pl.*, 177; *Lube's Eq.*, 22, 23; 1 *Cruise*, 87, §§ 12, 13; *id.*, 126, §§ 1, 2, 3; *Edwards on Parties in Chancery*, 91, 141, 142, 143; 5 *P. Wms.*, 310, *in note; Ch. Ca.*, 215, 1656; *Eq. Ca. Abr.*, 166, *pl.* 3; *Robinson* v. *Townsend*, 3 *Gill & John.*, 413; 2 *Spence's Eq. Jur. of Court of Chancery*, 706; *Tanner* v. *Niles*, 1 *Barb. S. C. R.*, 560; *Bradshaw* v. *Callaghan*, 5 *John.*, 80; 8 *id.*, 435, *S. C.*; *Coles* v. *Coles*, 15 *id.*, 319; *Elliott* v. *Pell*, 1 *Paige*, 269; *Roll* v. *Smalley*, 2 *Halsted's Ch. R.*, 464; *Sip* v. *Lawback*, 2 *Harrison*, 442; *Birkley* v. *Presgrave*, 1 *East*, 220; *Corning* v. *Smith*, 2 *Seld.*, 82.) 4. The master's deed gave no greater right to the purchaser than if the testator had given a deed instead of a mortgage; that is, he took the fee subject to the plaintiff's right of dower. The entire bar referred to in the statute means a bar of all claim under the mortgagor or of any one claiming under him, and the parties defendants means all persons whose rights may be foreclosed, and who are proper parties defendants. (1 *R. L. of* 1813, 490, § 11; 2 *R. S.*, 192, § 158; *Holcomb* v. *Holcomb, supra; Robinson* v. *Townsend, supra; Littlefield* v. *Crocker*, 30 *Maine*, 192; *Miller* v. *Bristol*, 12 *Pick.*, 551; *People* v. *Beebe*, 1 *Barb.*, 387; *Burdick* v. *Post,* 12 *Barb.*, 168.) 5. The bill was not properly framed for the purpose of litigating her right to dower, the general allegation therein only referring to some claim subsequent and subor-

dinate to the mortgage, and not to paramount claims. (2 *Hoffman's Chancery*, 135; *Chancery Rule*, 132; *Holcomb* v. *Holcomb, supra; Bank of Orleans* v. *Flagg*, 3 *Barb. Ch. R.*, 318; *Elliott* v. *Pell*, 1 *Paige*, 269.) 6. She would not have been a proper party to that suit as doweress, and had there been any charge in the bill as to her claiming dower, she could have demurred to that part of the bill. (2 *Hilliard on Mortgages,* 96, § 78; *Lambert on Dower*, 82; 2 *Spence's Eq. Jur. of Court of Chancery*, 706; *Delabere* v. *Norwood*, 3 *Swanston*, 144; *Fisher* v. *Barry, Beatty's Ch. R.*, 139; *Wood* v. *Davies*, 4 *Bibb.*, 47; *Hallett* v. *Hallett*, 6 *Paige*, 18; *Eagle Fire Co.* v. *Lent*, 6 *Paige*, 635; *Banks* v. *Walker*, 3 *Barb. Ch. R.*, 438; *Jones* v. *Weed*, 4 *Sandf. Ch. R.*, 209.) Her right to dower could only be tried on a direct proceeding for that purpose, in a court of law, or by order of the chancellor on a bill filed by her claiming dower. (*Badgley* v. *Bruce*, 4 *Paige*, 98; *Park on Dower*, 329.) 7. The plaintiff's claim for dower was a mere chose in action, and she was not compelled to set up her claim in that suit. (*Siglar* v. *Van Riper*, 10 *Wend.*, 414; *Yates* v. *Paddock*, *id.*, 528; *Yates* v. *Fassett*, 5 *Denio*, 21, 29; *Bronson* v. *St. Peter's Church*, 7 *Legal Observer*, 361; *Lawrence* v. *Miller*, 2 *Comst.*, 248, 257; *Rex* v. *The Inhabitants of Northweald Bassett*, 2 *Barn & Cress.*, 724; *Rex* v. *Painswick*, 1 *Burr.*, 621; *Bac. Abr., tit. Dower, D.*)

DENIO, J. The real estate, out of which dower is claimed in this case, was not embraced in the power of sale conferred upon the executors. The land had been sold by the testator in his lifetime, and his interest at the time of his death was the right to the money due upon the contracts, and was personal estate. The authority to sell the " fast estate" contained in the will has, therefore, no operation upon the premises out of which dower is now claimed. But if the premises had been included in the power of sale, it would not, according to the authorities, have been a provision in lieu of dower, notwithstanding that by the will

the widow was entitled to the income of the proceeds during her life. (*French* v. *Davies*, 2 *Ves., Jr.,* 572; *Birmingham* v. *Kirwan*, 2 *Sch. & Lef.*, 440; *Wood* v. *Wood*, 5 *Paige*, 596; *Fuller* v. *Yates*, 8 *id.*, 325.) The direction to sell in this class of cases is considered to be limited to the interest which the husband could control, and not to include the estate in dower which was not his to dispose of. The reasoning is somewhat artificial, as it is in nearly all the adjudications upon this subject. It is, however, a rule of property, and should not be departed from upon any notions we may entertain of its abstract propriety.

The devise to the plaintiff, for life, of all the testator's real and personal property, would seem, on a superficial view, to be inconsistent with the right of dower; and it would be clearly so if she was dowable only of the lands of which her husband died seized, after all liens and incumbrances thereon had been satisfied. But as her interest as doweress extends to all the lands of which he was seized during coverture, and is not subject to his debts nor to any liens which he may have created without her joining in them, it is obvious that such a provision would, in many cases, be quite illusory as a compensation for dower. In this case the husband had sold by executory contracts a large portion of the land which he owned in this state, and the broad gift of all his real and personal estate to his wife for life would, as to these lands, only give her the balance of the purchase money due on the contracts, which, for anything which appears, may be less than the value of her dower. The courts, however, do not inquire whether the testamentary provision is adequate, or reasonably proportionate to the value of the dower, for the widow has a right to receive or reject it at her pleasure. Where there is no direct expression of intention that the provision shall be in lieu of dower, the question always is, whether the will contains any provision inconsistent with the assertion of a right to demand a third of the lands, to be set out by

metes and bounds. (1 *Roper on Husband and Wife*, 576.)
The devises in the will must be so repugnant to the claim
of dower that they cannot stand together. (4 *Kent's Com.*,
58; *Adsit* v. *Adsit*, 2 *John. Ch. R.*, 448; *Wood* v. *Wood*,
*supra*; *Fuller* v. *Yates*, *supra*; *Sanford* v. *Jackson*, 10 *Paige*,
266; *Bull* v. *Church*, 5 *Hill*, 206; *S. C. in error*, 2 *Denio*,
430.) Applying this test to the will under consideration,
there is no difficulty in giving the plaintiff the provision
made for her in it, and her dower also. There is no person
who takes an interest under the will during her lifetime,
with which the claim of dower will conflict; and as to
herself there is no incongruity in her taking one-third of
the unsold land as doweress, and two-thirds as devisee.
The former she will hold by a title paramount to the mort-
gage, and the other is subject to that incumbrance. The
mortgagee, it is true, may be disappointed in finding his
lien less extensive than that which the instrument professed
to confer on him, but that consequence does not arise out
of the will, but from an act not testamentary and by which
the wife cannot be affected. So of the parties holding con-
tracts. Their interests, though hostile to her claim of
dower, are not given by the will. If that instrument had
directed the executrix to convey to them a title which
should be free from all incumbrances, it would present a
case of plain repugnance, which would put the widow to her
election. The case of *Bull* v. *Church*, before referred to, was
a stronger one against the widow than the present. The
husband's will gave all his property, real and personal, to his
wife, during her widowhood, and then to his children. She
claimed dower after her second marriage, after having taken
and enjoyed the provision made by the will. There was
the same apparent incongruity which exists here, of giving
the entirety where the title to dower would embrace but
a third, and the further one of the apparent conflict between
the estates of the devisees in remainder and the right to
dower. This was, however, reconciled, by holding that the

Lewis *against* Smith.

devise in remainder was to be understood as subject to the right of dower. The judgment having been affirmed in the court of errors, the case must be considered as a controlling one. The precise question now presented is discussed by an able elementary writer, whose conclusions seem to me to embody the fair result of the cases. He remarks, that the adjudged cases "say nothing as to the question whether, when the whole of the lands are devised to the widow, she may take two-thirds of them as a purchaser under the will, and the remaining one-third under her title to dower. The principle, however, upon which the cases last mentioned and referred to were decided, appears equally to apply to this subject. There is no more inconsistency between the widow's right to dower in the lands devised to her and her interest in them under the devise than in the above cases. The husband might intend that she should take no other interest in the lands bequeathed to her than under his will, or he might mean to pass to her his interest subject to her title to dower. His intention is dubious; which is not rendered more clear from any inconsistency between the concurrent enjoyment of her two rights, the one under the will and the other by the provision of the law. For want, therefore, of this clear implication of intention from the contents of the will that the testator intended what he had given to his widow should be held and enjoyed under his will and by no other title, it would seem that she may in general elect to take the lands devised to her both under the will and her title to endowment. This may be of great advantage to her where her husband dies in embarrassed circumstances, for, as to one-third of the estate, she would enjoy it under a paramount title free from his incumbrances during the marriage; and for the other two-thirds she would be liable to contribute with the owners of the remainder of the lands in discharge of the incumbrances." ( 1 *Roper on Husband and Wife,* 582.)

I think the plaintiff was not bound to elect between the testamentary provision and the right to dower.

It is conceded by the defendant's counsel that a foreclosure suit is not an appropriate proceeding in which to litigate the rights of a party claiming title to the mortgaged premises in hostility to the mortgagor. This court has recently determined that where a party setting up such a claim is made a defendant in a bill to foreclose a mortgage, the decree will be held erroneous, and will be reversed, though made after a hearing upon pleadings and proofs. (*Corning* v. *Smith*, 2 *Seld.*, 82.) But all claimants whose title is derived from the mortgagor subsequent to the mortgage are not only proper but necessary parties. It follows that a party claiming dower by a title paramount to the mortgage, cannot be brought into court in such a suit to contest the validity of her dower; but if she signed the mortgage, or if it was executed prior to the marriage, she must, like any other party having a claim upon the equity of redemption, be made a party to the bill of foreclosure. The plaintiff was married to the mortgagor long before the execution of the mortgage, and she did not join in it. But it is argued that the owner of the mortgage had a right to allege that her title was not paramount, but subject to the mortgage, that she was married after it was executed, or signed and acknowledged it, or the like; that the bill which was filed against her, properly construed, in connection with the rule of the court on the subject of foreclosure bills, does so allege in effect; and as she has suffered it to be taken as confessed, the decree and the sale under it has extinguished her title. It is argued that inasmuch as the rule forbids the complainant to set out the rights and interests of the defendants who hold under the mortgagor subsequent to the mortgage, and prescribes the general form of averment, in respect to all such parties, which is contained in this bill, it should be taken to embrace everything which it would have been necessary to allege in such a bill prior to the rule, and that thus the plaintiff in

this suit was called upon to assert the claim which she now sets up as a widow entitled to dower against the mortgage. The terms of the 132d rule of the late court of chancery, which is the one referred to, do not, I think, sustain this argument. It provides that " In a bill for the foreclosure or satisfaction of a mortgage, it shall not be necessary, or allowable, to set out at length the rights and interests of the several defendants who are purchasers of, or who have liens on, the equity of redemption in the mortgaged premises subsequent to the registry or recording of the complainant's mortgage, *and who claim no right in opposition thereto.*" It then goes on to prescribe the form of an averment in such cases, which was literally followed in the bill under examination. It does not appear that the plaintiff in this suit ever conceded the priority of the mortgage, or made any claim of her right of dower inconsistent with the one now set up; or that the complainant in the foreclosure suit ever supposed that she had a dower right in the equity of redemption alone. On the contrary, the averment referred to is followed by the allegation that the complainant is not informed what particular interest the defendants who are charged in it claim. This is not, therefore, a case within the rule. The plaintiff in this action was not a person who claimed no right in opposition to the mortgage. In the special case of a title to mortgaged premises, and a *bona fide* controversy as to priority between it and the mortgage, the complainant in the foreclosure bill must state the facts upon which the question arises, as he insists they exist, according to the rules of equity pleading which prevailed antecedently to the rule referred to. If he omit to do this, it will be under the pain of being obliged to show, when the decree is relied upon collaterally, that the title alleged to be foreclosed was in fact subordinate to the mortgage. The statute declaring the effect of a foreclosure in chancery provides that the deed to be executed by the master " shall vest in the purchaser the same estate (*and no other or greater*) that would have vested in the mort

gagee, if the equity of redemption had been foreclosed, and such deeds shall be as valid as if the same were executed by the mortgagor and mortgagee, and shall be an *entire bar* against each of them and *against all parties to the suit* in which such sale was made, and against their heirs respectively, and all claiming under such heirs." (2 *R. S.*, 192, § 158.) Taking all the expressions of the section together, it is obvious that the " entire bar" which is spoken of refers to rights and interests in the equity of redemption, and does not embrace interests which are paramount to the title of both mortgagor and mortgagee. Such interests would be other and greater than would have vested in the mortgagee if the equity of redemption had been foreclosed. It is not intended to decide that if a party claiming a title prior to the mortgage should be made a defendant and should answer and litigate the question, and should have a decree against him, it would not conclude him in a collateral action. In this case the title of the present plaintiff as doweress is not alluded to in the bill. She is only spoken of as the wife of the mortgagor incidentally, in repeating the language of the will, where the testator, calling her his wife, bequeaths to her his property and makes her his executrix. As a devisee of the mortgaged premises and an executrix of the mortgagor, the plaintiff was a necessary party to the bill; but in her character of his widow, entitled to dower by virtue of her coverture before the mortgage was given, she had nothing to do with the foreclosure. Having no defence to make as to her interest as devisee of the equity of redemption, and being unable to resist the claim to a decree against her for any ultimate deficiency, she had no motive for answering the bill. It made no claim and prayed for no relief which she could defend against. She therefore lost nothing in suffering it to be taken as confessed, and it presents no impediment to the recovery of her dower.

The judgment of the supreme court should be affirmed.

EDWARDS, J. The mortgage executed by George Lewis, the late husband of the plaintiff, was of all his right, title and interest, of, in and to the premises in which she now claims her right of dower. The plaintiff did not join in the execution of the mortgage, and, of course, her dower right, as such, could not be cut off by the decree of foreclosure. But it is contended that at the time of the foreclosure and sale of the mortgaged premises, the right of dower of the plaintiff was barred by a devise to her contained in the last will and testament of her husband; not by any express provision to that effect, but by implication. In the case of *Adsit* v. *Adsit* (2 *John. Ch. R.,* 448), Chancellor KENT, after an elaborate review of all the authorities, lays down the rule, that in order to warrant the implication, from the provisions of the will, that the testator intended a devise or legacy to be in lieu of dower, the claim of dower must be inconsistent with the will, and repugnant to its dispositions, or some of them. In the case of *Sanford* v. *Jackson* (10 *Paige,* 266), Chancellor WALWORTH says, that to bar the wife of her dower by implication, the provisions of the will or some of them must be absolutely inconsistent with her claim of dower, so that the intention of the testator will be defeated as to some part of the property devised or bequeathed to others, if she takes dower as well as the provision made for her in the will. The rule, as laid down in these two cases, though somewhat differently expressed, is the same in substance in each, and is unquestionably sustained by the authorities. If, then, we apply this rule to the present case, the question arises, how is the claim of dower of the plaintiff inconsistent with any of the provisions contained in the will of the testator? If she takes a life estate in one-third of the real estate of which the testator died siezed, by way of dower, and in the other two-thirds by way of devise, she will have the whole of the real estate for life, as much as if she took the whole as devisee. The intention of the testator as to the estate

which she should have will be fully carried out, and it will not be defeated as to any other disposition which he has made of his property. The will gives the real estate, and the proceeds thereof, in case of sale, to the wife during her life, and, after her death, to her two nephews and the brother-in-law of the testator. It will not be pretended that this last provision will be defeated by sustaining the plaintiff's claim. In the case of *Sandford* v. *Jackson* (*supra*), the testator devised and bequeathed all his property, real and personal, to his wife and to two other persons, to be kept for her use and support as long as she should continue his widow, and until his youngest child should become of age, and then directed that all his property should be equally divided amongst his children. The wife survived the testator, and afterwards married again; and the question arose whether her acceptance of the devise was a bar to her claim of dower in the testator's real estate after his youngest child arrived at the age of twenty-one years. Upon this state of facts the chancellor sustained the wife's claim, and in giving his opinion said, that no question of conflicting claims could arise until the children became of age, and that, until then, it was wholly immaterial whether the wife took the whole real estate under the will, discharged of dower, or took two-thirds under the devise, and the residue under her common law right of dower. But, in the case before us, no question of conflicting claims can arise at any time, no matter whether the wife claims the whole as devisee, or a part by way of devise and a part by way of dower. Neither is there anything in the provision authorizing the executors to sell the real estate which is inconsistent with the plaintiff's claim. It simply gives a power to the executors, to be exercised, if necessary, for the purpose of enabling them to carry out more effectually the intention of the testator, that the plaintiff should have the benefit of the real estate during her life; and this she would have equally whether the executors should have the power to

sell the whole of the real estate, including her dower right, for her benefit, or whether they should only have the power to sell the real estate subject to her right of dower, and she should have the power to sell her dower interest.

The next question which arises is, whether the decree in the foreclosure suit · is such an adjudication, as to the plaintiff's right of dower, as to bar her from claiming it in this suit. It will be observed that the bill of complaint in the foreclosure suit made no allusion to the claim of dower. It stated the substance of the will of the mortgagor, and then alleged generally that the plaintiff and the other devisees in the will had, or claimed to have, some interest in the mortgaged premises as subsequent purchasers or incumbrancers, or otherwise. In the case of *The Eagle Fire Co.* v. *Lent* (6 *Paige*, 635), it is said that the mortgagee has no right to make one who claims adversely to the title of the mortgagor and prior to his mortgage, a party defendant in a foreclosure suit, for the purpose of trying the validity of his adverse claim of title. And the person who filed the bill in the suit brought for the foreclosure of the mortgage executed by the testator, acting in the spirit of this rule, whether intentionally or not, has omitted to allege that any claim of dower was set up by the present plaintiff, or that any such claim had been barred by her non-election of dower. The plaintiff, however, was made a party to that suit for all the purposes for which she could be, and that was to cut off her claim to the equity of redemption as one of the devisees of the testator, and to that extent she is barred. But it is said that even if she was not made a party to the foreclosure suit in such a way as to cut off her claim of dower by virtue of the general allegation that she and the other devisees claimed as subsequent purchasers or incumbrancers, yet she was made such party, by virtue of the allegation that she claimed in those capacities or *otherwise.* This is an allegation which was made under one of the existing rules

of the court of chancery, and applied, as the rule intended that it should, to persons who had some claim which arose subsequent to the execution of the mortgage, and to no others. The word *otherwise*, according to the rule of construction adopted in all analogous cases, means *in some other like capacity*, and does not embrace a claim like that which is set up in this case. The conclusion then to which I have arrived is, that the question of the plaintiff's right of dower was neither raised nor decided, nor was it the proper subject of adjudication in the foreclosure suit; and that the provision of the statute which declares that the master's deed shall be a bar to all parties to the suit in which the decree of foreclosure and sale is made (2 *R. S.*, 192, § 158), does not cut off a right in reference to which a person neither is nor can be properly made a party to the suit, although he may have been properly made such party, and may be barred, in reference to some other interest.

I think that the judgment should be affirmed.

The whole court concurring,

Judgment affirmed.