Young *et al.* agt. Boyd.

---

## SUPREME COURT.

JAMES YOUNG *et al.*, executors, &c., of WILLIAM BOYD, deceased, agt. ISABELLA BOYD and others.

*Will — When widow cannot take both dower and a provision made for her by the will of her husband — When widow to make election.*

Where a specific provision by the testator in his will, for his wife, inconsistent with a right in the widow to demand a third of the land to be set off to her, she must make her election, though the testator does not in terms declare that such provision is to be taken by her in lieu of dower.

Young *et al.* agt. Boyd.

Where the testator by his will clothed his executors with a power of sale of all his estate, real and personal, in such form as to work an equitable conversion of the realty into personalty, and vest them with the title to all the property, the income of a portion of the proceeds of the estate when sold to be paid to the widow for life, the remainder of the proceeds being absolutely disposed of, the widow cannot take both dower and the provision made for her by the will, the claim of the one being inconsistent with and repugnant to the other.

*Special Term, December,* 1882.

*Bartlett & Wilson,* for plaintiff.

*Jehiel G. Hurd,* for defendant Wilson.

*Roscoe H. Channing,* for defendant Isabella Boyd.

VAN VORST, *J.* — The question to be determined in this action is, whether the defendant Isabella Boyd, the widow of the testator, can claim dower in the real estate of her husband, as well as the specific provision made in her favor by her husband's will.

The will does not in terms declare that what the husband specifically gives to his wife is to be taken by her in lieu of dower, nor was it necessary to have been so explicitly stated, if the will discloses a clear intention on the husband's part that his widow should not take the provision made for her in the will in addition to dower.

And if the provision expressly made for her by her husband's will is wholly inconsistent with a right in the widow to demand a third of the land to be set off to her, she would be put to her election.

As dower is a legal right, such result could only be reached through a necessary implication clearly arising from the terms of the will, and the disposition thereby made. There can be no question as to the general rule upon this subject, but its application to the facts of particular cases has heretofore given occasion to apparent conflict.

This question is discussed in *Adsit* agt. *Adsit* (2 *Johns.*

*Ch. R.*, 448), *Sanford* agt. *Jackson* (10 *Paige*, 266), *Gibson* agt. *Gibson* (17 *L. & Eq.*, 349) and *Ellis* agt. *Lewis* (3 *Hare*, 313) to which others might be added as more or less sustaining the view urged by the learned counsel for the widow.

But, upon consideration, I must hold that the cases of *Savage* agt. *Burnham* (17 *N. Y.*, 561) and *Gibson* agt. *Ketchum* (32 *N. Y.*, 319) are placed upon grounds which must dispose of this case adversely to the widow's claim to the provision of the will in addition to dower.

The executors are clothed by the second clause of the will with a power of sale of all the testator's estate, real and personal. This power is placed in such form, and is accompanied with such duties, as to work an equitable conversion of the realty into personalty, at the death of the testator, which it would be difficult to accomplish fully according to the general scope of the will, in the face of a claim insisted upon by the widow, that a portion of the real property shall be set apart for her dower right.

But such difficulty might not in itself prove to be wholly insurmountable, nor be regarded as inconsistent with such claim ( *Wood* agt. *Wood*, 5 *Paige*, 596).

But the executors are, in legal effect, invested with the title to all the property. They are directed, until the property is sold in pursuance of the direction of the will, to pay to the widow of the testator, from the rents and incomes of the estate, the sum of fifteen hundred dollars per annum; but if such rents and incomes prove less than that amount, after paying taxes and assessments, the full amount of the income of the estate, after paying such taxes and assessments, is directed to be paid by the executors to her, for her support, and that of the testator's infant son William.

The direction to pay over the rents and profits involves a power to collect and receive, and under the case of *Gibson* agt. *Ketchum* (32 *N. Y.*, 319) such power over the real estate, and its rents and profits, invests the executors, as trustees, with the legal title; and such facts in connection with the

other fact, that the testator had fully disposed of all the proceeds realized upon the sale, after making a specific provision thereout for his widow, under the cases of *Savage* agt. *Burnham*, and *Gibons* agt. *Ketchum*, renders the widow's claim of dower inconsistent with and repugnant to the provisions of the will. By these dispositions of the will the testator directs that one-third of these proceeds shall be invested by the executors, and be held by them for the benefit of his widow for life, to whom the income thereof is directed to be paid for life.

The remainder of the proceeds are otherwise absolutely disposed of by the testator.

The conclusion reached, therefore, is that the widow must make her election, as she cannot take both dower and the provision made for her by the will.