Osborn, J.
This is an action for admeasurement of dower, &c. In November, 1883, upon notice of plaintiff’s attorneys, and without opposition on the part of the defendants’ attorney, the action was sent to a referee to take proof of the material facts stated in the complaint and report thereon to the court. And such report was subsequently made, and in April last interlocutory judgment was granted by me without opposition by defendants’ attorney. The case is now before me on application for final judgment in favor of the plaintiff, which is resisted by defendants’ counsel, who now maintains that plaintiff is not entitled to dower as claimed; that such claim is repugnant to the will referred to in the complaint, and that the provisions of such will in favor of the plaintiff having been accepted by her constitute a bar to the demand she makes in this action.
The position now taken by defendants’ counsel should it, seems to me, have been assumed at an earlier stage in the case, but as counsel for plaintiff has raised no objection to its being now considered, I shall assume that none is claimed.
The question presented is certainly difficult of a clear and satisfactory solution. The authorities to which my attention has been directed by plaintiff’s counsel, and which I have been able to obtain for examination, argue with much force the general propositions advanced by him, and particularly Sanford agt. Jackson and others (10 Paige, 266); Lewis agt. Smith (9 N. Y., 502). But upon a careful analysis of the will in this case, compared with the provisions of the wills referred to in the reported cases above mentioned, and in the light of the more recent decisions of Savage agt. Burnham (17 N. Y., 561); Tobias agt. Ketcham (32 N. Y., 319); and Matter of Surplus Moneys, &c., in Estate of John C. Zahrt (94 N. Y., 605), I am of opinion that in this case the pro *518 visions made for the plaintiff by the will must be regarded as having been intended by the testator in lieu of dower.
Where there is no direct expression of intention that the provision contained in the will shall be in lieu of dower, the question always is whether the will contains any provision inconsistent with the assertion of a right to demand a third of the land to be set out by metes and bounds for dower (Matter of Zahrt, supra). The intention of the testator need not be declared in express words; it may be implied if the claim of dower would be plainly inconsistent with the will.
The will under consideration gives all the testator’s real and personal estate to this plaintiff as executrix, and John M. Corliss and William Curley as executors, in trust for uses and purposes therein stated, among which are the following as stated in the will:
“ First. To receive and collect the income thereof, and to pay the same for my debts and the incumbrances upon my estate, after the payment of such sums as may be necessary for the support and education of my family and children, in which matters I desire my executrix and executors to be liberal.
“ Second. To purchase in their own names as such executrix and executors a homestead for my wife and family, if I shall not do so in my lifetime, and in such homestead all my children shall be entitled to a home while they remain unmarried.”
It was conceded on the argument (as I understood it) that the testator in his lifetime purchased the homestead and owned it at the time of his death. I take it that the intention of the testator is reasonably clear that the widow should take all of her interest in that homestead under the will. She is given an interest equal to that of each child. The devise must contemplate a homestead discharged of dower, otherwise the object of the testator, as expressed, might be defeated by assumption of dower right and possible sale of the homestead under such claim (Miall agt. Brain, 4 Mad. Rep., 119 ; Roadley agt. Dixon, 3 Russ. Rep., 192; Sanford agt. Jackson, 10 Paige, 270).
*519 In Lewis agt. Smith (supra) the court says: “ There is no person who takes an interest under the will during her (the widow’s) lifetime with which the claim of dower will conflict.” This can hardly be said of the will in the case at bar.
Other provisions of the will, in connection with those I have mentioned, indicate to my mind that the intention of the testator was that the widow’s interest in his estate should be in common with his children so long as she remained his widow; that it should arise from the will, and that she should have no other or further interest. The testator directs that in case of the remarriage of his wife all of his estate shall be divided equally among his four children, and be paid to them respectively as they arri/oe at full age. If one-third of the real estate were to be set apart to the widow as dower, a division of all of the estate among such children could not take place until the widow’s death, notwithstanding a remarriage by her. Thus a provision of the will would be defeated.
If the view I have taken is r^-rect, this action cannot be maintained. Plaintiff’s application for final judgment is therefore denied. An order to carry out this decision will be settled by me upon notice to counsel.