Van Brunt, P. J.
It is not necessary to cite authorities to sustain the elementary principle which are to govern the courts in the construction of a will.
The intention of the testator is to govern and such intentic n must be gathered from the instrument, and from the instrument alone.
In cases of codicils such additions are to be read as part and parcel of the original, as the publication of the codicil is a republication of the will itself as modified by the codicil.
The apparent discrepancies which have crept into the adjudicated cases in which wills have been construed do not in any way impair the obligation of these rules of construction, but such discrepancies have arisen entirely in the application of these rules to the ever varying facts of individual cases.
The question then, is what was the intention of the testator as it is to be gathered from his will and codicil in respect to the provisions therein made for his wife.
Were all the provisions intended to be in lieu of dower ■or was the provision made for her in the sixth clause only intended to be in lieu of dower?
The only foundation for the latter claim is that the clause in question happens to be situated at the end of a paragraph of the will, numbered sixth, and in that sixth paragraph the testator happens to have made a provision for his wife.
*488 After devising certain leasehold and other property to his wife for life with remainder over, the testator provides as follows by a separate and distinct clause:
‘ ‘ The provisions that I have herein made for my wife, Mary E. Erost, are made and are to be taken and received by her in lieu and bar of her dower in my estate and not otherwise.”
Did the testator by the words, “the provisions herein made,” refer to his whole will or only to the sixth clause.
In the first place it is necessary to observe that in the sixth clause, “ provisions” were not made for the wife, but a provision which seems to clearly indicate that when the testator used the words, “provisions herein made,” he intended to refer to all the provisions which he had made in his will for his wife.
This view is much strengthened by the language used by the testator in the codicil, where he says that “ this provision for my said wife, in this codicil made, is made in addition to the provisions for her made in my said will,” evident by referring to the provision contained in the sixth clause of the will and to the provision in the twelfth clause, these constituting the provisions made for his wife in his will, treating these all alike, and making no distinction, the evident effect of the codicil being to increase the provisions made in the twelfth clause of the will for the wife from $25,000 to $55,000.
The manner in which the testator has disposed of his estate shows that he had no idea that Ms wife would claim dower, but the whole will is based upon the supposition that the widow would take the provision made for her in the will in lieu of dower, and that he had made it for her advantage to do so.
It appears that if the provision in the sixth clause was the only one intended to be in lieu of dower, it was greatly for the interest of the widow to elect to take her dower, and such an election was evidently not contemplated by the testator. He disposes of the residue of his estate absolutely without reference to his wife’s dower, and he provides for the sale of his real estate by his executors to raise funds for the provision made for his wife in his will, which sale would have been greatly hampered if the dower of the wife attached.
The claim made by the appellants that the words “herein” and “hereby” are used in other parts of the will, evidently referring to the clauses in which they severally appear, affords no light upon the question before the court, because the words are used in different connections and do not stand in independent sentences.
In the ninth clause, for example, the word “herein” is *489 used in immediate connection with the devise and does not occur in a separate and independent sentence.
The cases of Lewis v. Smith (9 N. Y., 503), Sanford v. Jackson (10 Paige, 266), Church v. Bull (2 Denio, 430), Havens v. Havens (1 Sandf. Ch., 329), are no authority for the appellants view of this question.
In those cases no intention was expressed in the will that the wife should not have dower, and the court declined to compel the widow to elect, because simple inconsistencies in provision were held not enough to compel the widow to elect.
The case of Brown v. Parry (Romillys’ Rotes of Cases), has no application to the case at bar.
Tn the case cited, the annuity was to be accepted in lieu of dower by the express terms of the will.
If the will at bar had said the devise above made to my wife to be accepted by her in lieu of dower, Brown v. Parry would have been a pertinent authority.
The language of the will is essentially different. By a separate paragraph the testator says that the provisions herein made (when only one provision had preceded the clause in question) for my wife, etc., and in a subsequent part of the will other provisions are made for her.
The clause in question has no apparent connection with the sixth paragraph, except that it follows it and is not separately numbered.
It seems to us that the intention of the testator was that all the provisions of the will were intended to be in lieu of dower.
The contention that the codicil is to be construed as not affected by the provisions of the will cannot be sustained. The codicil forms part of the will and is to be read with it, and applying this construction the provision in the codicil is to be read as though it formed part of the twelfth clause the will.
The point that the widow has rejected nothing except the provision in the sixth clause of the will is undoubtedly true as far as matter of words go.
She has elected to take her dower. She has rejected nothing but such election by operation of law has deprived her of the benefit which she might have derived under the will. Consequently by her election of dower she has deprived herself of the right to claim anything under the will and codicil.
The judgment appealed from must be affirmed, with costs to the parties appearing on this appeal, to be paid out of the estate.
Bartlett and Macomber, JJ., concur.