be vacated by one of the municipal departments by reason of the non-compliance with certain of its orders, except where the condition of untenantability arises from direct injury or destruction.

I accordingly award a judgment for the plaintiffs in both cases.

## In re BROWNING'S ESTATE.

### (Surrogate's Court, New York County.  May 1, 1916.)

1. TAXATION ⬅895(6)—APPRAISEMENT OF DECEDENT'S PROPERTY—ALLOWANCE OF WIDOW'S DOWER.

Where the decedent bequeathed the residue of his estate to his widow, without positively indicating that it should replace her dower interest, she could, before valuation for taxation, have her dower deducted from the value of the real estate bequeathed to her.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1719; Dec. Dig. ⬅895(6).]

2. TAXATION ⬅895(7)—APPRAISEMENT OF DECEDENT'S PROPERTY—DEDUCTIONS —TRUSTEE'S COMMISSIONS.

Where the testator empowered trustees under the will to sell real estate, but did not require sale, which was not necessary to the administration, no sale having been made their commissions could not be deducted from the assets of the estate on appraisement for taxation.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1719; Dec. Dig. ⬅895(7).]

3. TAXATION ⬅895(6, 7)—APPRAISEMENT OF DECEDENT'S PROPERTY—DEDUCTIONS—DEBTS AND EXPENSES.

Debts and administration expenses in the state of probate should be deducted from the assets in such state by such appraisers.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1719; Dec. Dig. ⬅895(6, 7).]

In the matter of the estate of John H. Browning.  From an order fixing taxes, entered upon the appraiser's report, the executrix appeals. Reversed, and report remitted for correction.

Deyo & Bauerdorf, of New York City (Joseph F. McCloy, of New York City, of counsel), for appellant.

Aron L. Squiers, of New York City, for state comptroller.

FOWLER, S.  The executrix of decedent's estate has taken this appeal from the order entered upon the appraiser's report and contends that the appraiser erred in refusing to deduct the value of the widow's dower from the real estate of which the decedent died seized.  The appraiser found that the value of decedent's real estate in this state was $233,375.

[1] The decedent gave to his executors the sum of $300,000 in trust to pay the income to his son during his life; all the rest of his estate he gave to his wife.  The personal property is sufficient to set up the trust fund for the benefit of decedent's son.  As the real estate,

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

therefore, is not given to trustees, but to the widow absolutely, and the will contains no provision which would indicate that the decedent intended to deprive his wife of her dower, she is entitled to have the value of her dower deducted from the value of the real estate devised by the will of the decedent. Lewis v. Smith, 9 N. Y. 502, 61 Am. Dec. 706; Konvalinka v. Schlegel, 104 N. Y. 129, 9 N. E. 868, 58 Am. Rep. 494; Hortsmann v. Flege, 172 N. Y. 384, 65 N. E. 202; Matter of Weiler (Sur.) 122 N. Y. Supp. 608, affirmed 139 App. Div. 905, 124 N. Y. Supp. 1133.

[2] The executors also contend that the appraiser erred in refusing to deduct from the assets of the estate the executors' commissions on decedent's real estate. The decedent gave his executors power to sell his real estate, but this power was not imperative; the real estate was devised to decedent's wife, subject to the executors' power of sale. The power has not yet been exercised, and the payment of legacies or the administration of the estate does not render it necessary that the power should be exercised. At the present time the executors are not entitled to commissions, nor will they be entitled to such commissions unless they exercise the power of sale; therefore such commissions should not be deducted from the taxable assets of the estate at this time. If the executors should sell the real estate, they may apply to this court for a modification of the order fixing tax, so as to provide for the deduction of their commissions upon the real estate actually sold by them.

[3] The appraiser erred in refusing to deduct from the New York assets the debts and administration expenses in this state. Matter of King, 71 App. Div. 581, 76 N. Y. Supp. 220; Matter of Grosvenor, 124 App. Div. 331, 108 N. Y. Supp. 926.

The order fixing tax will be reversed, and the appraiser's report remitted to him for correction, as indicated.