had not jurisdiction to determine as to the validity of relator's title, that it did not assume to make such determination, and that the relator is not entitled to receive payment of the award, for the reason that he has not complied with a requirement necessary to obtain payment, in that he has not filed with the Comptroller a satisfactory abstract of title showing that he is legally entitled to such damages.

[1] The Court of Claims, being a statutory court, did not have jurisdiction to pass upon conflicting titles, and it had only such powers as were conferred upon it by statute. Taylor v. State, 124 N. Y. Supp. 818; People ex rel. Swift v. Luce, 204 N. Y. 478, 97 N. E. 850, Ann. Cas. 1913C, 1151. And the evidence fails to establish the relator's contention that that court assumed to pass upon the validity of relator's title, and sustains the finding of the trial court that the Court of Claims did not assume to do so.

[2] Evidently the determination of the Court of Claims was not intended to fix the value of relator's interest in the lands appropriated, but to determine the value of a marketable title to such lands. While the relator, not possessing such title, was therefore not legally entitled to receive the award, he was, however, entitled to have the award deposited by the Comptroller at interest in a bank, in which moneys belonging to such fund may be deposited to the account of such award, to be paid and distributed to the persons entitled thereto as ordered by the Supreme Court on an application to such court pursuant to the provisions of section 88 of the Canal Law, and until such distribution shall be made to have paid to him, his heirs and assigns, annually, during the lifetime of William Smith, the interest on said award.

The order appealed from should therefore be reversed, and a writ of mandamus ordered issued directing the State Comptroller to make such deposit of the award. All concur.

---

(86 Misc. Rep. 389)

### In re SPRINGSTEEN et al.

(Surrogate's Court, Kings County. June, 1914.)

1. WILLS (§ 782*)—CONSTRUCTION—DOWER—DUTY OF WIDOW TO ELECT.

Where a will, in addition to devising to testator's widow her dower and giving the residuary estate in trust, the income to be equally divided between her and a son, provides that, if the son dies during his mother's lifetime, one-half of such income shall go to his surviving children, and directs that on her death all the estate shall go to the son, and that, in the event of his death before hers, then, upon her death, all of the estate shall go to the son's children, the widow is put to her election between the dower and the provisions of the will as to lands other than those specifically devised to her, there being a manifest incompatibility between the provisions of the will and the widow's claim of dower.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2018–2033; Dec. Dig. § 782.*]

2. WILLS (§ 782*)—DOWER IN DEVISED LANDS—RIGHT TO ASSERT.

In order to secure a more favorable adjustment of the transfer tax, and to guard against the claims of creditors intervening between the gift and its enjoyment, a wife may assert dower in specific lands devised to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

her by her husband, though the devise apparently involves all that is valuable in the dower.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2018–2033; Dec. Dig. § 782.*]

Judicial settlement of the accounts of Mary F. Springsteen and others, as executors of the last will and testament of John C. Springsteen, deceased. Decreed according to opinion.

De Groot, Kenyon & Huber, of Brooklyn, and Frank W. Harris, of Syracuse (Franklin M. Tomlin, of Brooklyn, of counsel), for accounting executors.

Alexander S. Bacon, of New York City, for Mary F. Springsteen, individually and as executrix.

Thomas H. Troy, of Brooklyn, special guardian.

KETCHAM, S. [1] Dispute arises as to whether the widow of the testator was put to her election between dower and the provisions of the will. The material parts of the will are as follows:

"Second. I direct my executors hereinafter named to pay to my beloved wife Mary F. Springsteen $5,000 in cash.

"Third. I hereby give, devise and bequeath to my beloved wife Mary F. Springsteen the use of the house and lot number 49 Halsey street, Brooklyn, N. Y., together with all the furniture during her natural life.

"Fourth. I hereby give, devise and bequeath to my executors hereinafter named, in trust, all the rest, my property of whatsoever name and nature in trust the income to be equally divided between my said wife and son Walter Springsteen. I direct that in the event of the death of my said son during the life of my said wife the one-half income of my said property to go to my son's child or children him surviving share and share alike. I direct that upon the death of my said wife that all my property to go to my said son, Walter Springsteen and in the event of my son's death then upon the death of my wife all my property to go to the child or children of my said son Walter Springsteen."

Where "there is a manifest incompatibility between the provisions of the will and the claim of dower by the widow," she must choose between them. Matter of Gordon, 172 N. Y. 25, 64 N. E. 753, 92 Am. St. Rep. 689. If the third and fourth paragraphs quoted were respectively found in the wills of different testators they would, under the principle stated supra, receive diverse constructions. The gift to the wife of the use of the house for life could be fulfilled without impairing the operation of her claim as dowress, and both would, therefore, persist in the testamentary scheme. Lewis v. Smith, 9 N. Y. 502, 511, 61 Am. Dec. 706; Matter of Zahrt, 94 N. Y. 605; Konvalinka v. Schlegel, 104 N. Y. 125, 129, 9 N. E. 868, 58 Am. Rep. 494; Purdy v. Purdy, 18 App. Div. 310, 46 N. Y. Supp. 215; Wilson v. Wilson, 120 App. Div. 581, 105 N. Y. Supp. 151.

The trust in the fourth paragraph contemplates a possession and control of the lands involved and a distribution of the income thereof which would be impossible if the claim of dower should be in operation, and if that clause were found alone the wife would be put to her election as to such lands. Matter of Gordon, 172 N. Y. 25, 64 N. E. 753, 92 Am. St. Rep. 689; Wilson v. Wilson, 120 App. Div. 581, 105

N. Y. Supp. 151; Matter of Stuyvesant, 72 Misc. Rep. 295, 131 N. Y. Supp. 197. The cases last cited deal with wills in which all the lands of the testator were devised upon trusts which could not co-operate with the dower if assigned, but the rule in its reason and its practical application is obviously fitted to a like devise of a specific piece of the testator's lands. As to one tract as well as to all, the testator's intention in the use of the same words must mean the same thing.

A will may properly contain one provision as to specific lands which is not intended to avoid or commute the dower and another provision as to other lands which is tendered in lieu of dower. Each would prevail in its separate effect if affirmatively expressed. They should receive no less force if they appear only by plain implication.

[2] The wife's dower in the house mentioned in the third paragraph is preserved. While the gift in the will apparently involves all that is valuable in the dower, her right to separately assert the latter is still important to her for a more favorable adjustment of the transfer tax, and in the possible case that she shall find that the claims of creditors may intervene between her husband's gift and its enjoyment. As to the other lands she must elect.

The sums paid to counsel for the executrix and for the executors are properly chargeable against the estate. The executors contend for their allowance. The executrix—the only person interested in the estate other than her son, who is one of the executors—contracted in writing that these payments should be made in consideration of such services as might be required in the conduct of the estate. Counsel have continued their services to completion in reliance upon such contract, and have at no time been warned to discontinue their activities. Hence the executrix cannot avoid the agreement which she has made, and which has been performed without her repudiation, and equally as to the part of the estate which beneficially belongs to her is she forbidden to complain.

Decreed accordingly.