JOSEPH LORIA, INC., Plaintiff, *v.* THE STANTON COM-
PANY, SOLON L. FRANK, JACOB SELIG, HAROLD A.
FRANK and MAY FRANK, as Executors of and Trus-
tees under the Last Will and Testament of SAMUEL
FRANK, Deceased, and BLANCHE E. FRANK,
Defendants.

(Supreme Court, New York Special Term, June, 1921.)

Specific performance — if title is good at time of trial specific
performance in certain cases will be decreed even if title
defective at time of closing — when the giving of dower would
upset the scheme of the will and the widow has received income
from a trust fund in lieu of dower she is estopped from claim-
ing dower — wills.

Where at the trial of an action brought by the purchaser to
compel specific performance of a land contract of which time
is not of the essence, the title to the property is good, the
plaintiff may be required to specifically perform on his part
even though the title was defective at the date of the closing
of title, provided nothing has taken place in the meantime to
his prejudice which would make performance on his part
inequitable.

A contract to convey certain real estate of a testator having
been made by his executors, the intending purchaser, on the day
of closing, rejected the title because of a certain judgment
against the executors which had been assigned and an alleged
dower right of the widow of a former owner of the premises, but
the purchaser offered to execute and deliver the purchase money
bond and mortgage called for by the contract and tendered a
cash payment thereunder, on condition that the executors give a
conveyance clear of the objections made to the title. *Held*, that
the reception in evidence, on the trial of an action to compel
specific performance brought by the purchaser, of an instru-
ment in writing purporting to release the premises in question
from the lien of said judgment, duly recorded and properly
indexed, cured the objection to the judgment, and that the
defendant executors, who also asked for specific performance,

were entitled thereto, it not appearing that such course would tend to make it inequitable to the plaintiff.

It appearing that to give dower to the widow of the former owner of the property would necessarily upset the scheme of his will, by which he intended she should have no dower, and would keep from the testamentary trustees, who were vested with the title to the entire estate with full power of sale, a portion thereof, and the widow, having for a number of years elected in lieu of dower to receive the income of trust funds into which the proceeds of a sale of real estate by the said trustees had passed, she would be estopped to set up a claim of dower in the premises in question.

ACTION for specific performance.

Nathan Burkan, for plaintiff.

Griggs, Baldwin & Baldwin, for defendants.

COHALAN, J.   The action is one for specific performance.  The plaintiff and defendants in December, 1919, entered into written contract for the purchase and sale of certain real estate located in the borough of Manhattan.  The purchase price was $50,000, payable as follows:  One thousand dollars on signing of the contract, $4,000 in cash on delivery of the deed, $25,000 by taking the premises subject to a first mortgage for that amount, and $20,000 by the purchaser executing and delivering to seller its bond and mortgage for that amount.  The sellers were to procure for and deliver to purchaser at closing of title a three-year extension of the first mortgage at the rate of five per cent per annum.  Title was to close December 23, 1919.  The title company searching title for the purchaser raised two objections, which are the ones now before this court.  One was a judgment against the defendant executors for $16,588.06 and held by defendant Blanche E. Frank by assignment; the other objection was an alleged dower right

**41**

in the widow of Joseph D. Carroll, a former owner of the premises. The date of closing of title was adjourned from time to time, closing to be as of December 31, 1919. On the last adjourned date, February 19, 1920, the plaintiff rejected title and brought the present action. The plaintiff paid the $1,000 on signing of contract and tendered at closing the $4,000, and offered to execute and deliver the purchase money bond and mortgage on condition that defendants give a conveyance clear of the two objections above mentioned. The defendants tendered a deed of conveyance, claiming there was no outstanding dower right, and offered to cancel the judgment. It would seem no satisfaction piece of the judgment or any instrument releasing the premises in question from the lien of the judgment was presented at closing. At the trial the defendants offered in evidence an instrument purporting to release the premises from the lien of the judgment, dated May 31, 1921, and recorded in the office of the register of the county of New York on May 31, 1921, in liber 3212, page 312, of conveyances, and indexed under block No. 880 on the land map of the city of New York. There seems to be nothing in the contract making time as of the essence, and, if no change of circumstances has occurred, this instrument would cure objection as to the judgment, and as the defendants are asking for specific performance they would be entitled to it. In an equitable action the rule seems to be well settled that a purchaser will be required to perform specifically if the title is good at the time of the trial, even though defective at the date of closing of title; that is, providing nothing has taken place in the meantime to the prejudice of the purchaser which would make performance on his part inequitable. *Pakas* v. *Clarke*, 136 App. Div. 492; *Schmidt* v. *Reed*, 132 N. Y. 108; *Haffey* v. *Lynch*, 143

id. 241. Nothing was shown at the trial that would tend to make it inequitable to the purchaser. It has an existing lease on the premises, and it desires to continue its business there. The plaintiff, in an adjustment of figures, would be entitled to approximately $3,900, made up of rent paid in and interest on the $5,000, and the defendants would be entitled to approximately $3,300, based on the interest paid on first mortgage and the interest they would have received from the second mortgage and cash payments, and this amount plus the interest due July first on the first mortgage, which should be paid by the defendants, would give them a credit of approximately $3,900, the same credit as that to which the plaintiff would be entitled. In view of the above, were the question as to the judgment the only one involved, the defendants would be entitled to specific performance, with the condition, however, that they pay the interest due on the first mortgage on July first. But a more serious objection is found in the question of dower. Dower is never excluded by a provision in a will for a wife except by express words or by necessary implication. In the instant case there is nothing stated in any clause of the will or codicil that the wife should take the income of the two trust funds in lieu of dower, so we must necessarily confine ourselves to whether from the will as a whole one may imply that the provision for the wife was in lieu of dower. Do the provisions of the will show a clear intention on the part of the testator to exclude the widow from a dower in his real estate so that she was put to her election as to the acceptance of the provisions for her benefit made in the will or dower in the decedent's real estate? The real estate left by the testator was of small value as compared with the rest of the estate. Approximately $500,000 was

bequeathed to the executors and trustees " to invest and reinvest the same and to pay over the income," etc. Clause 16 of the will devises and bequeaths all the rest, residue and remainder of the decedent's estate to his executors and trustees in trust to invest and reinvest and to add the income therefrom to the principal sum of the trust until the decedent's daughter arrives at the age of twenty-one, when the whole income is to be paid over to the daughter, and upon her death decedent devises and bequeaths the principal trust fund to the children of his daughter, and in case the daughter dies leaving no child and leaving no will appointing a person or persons to receive the trust fund, then the same is to go to two nephews. Under clause 17 of his will it is provided that in directing and administering the several trusts the executors and trustees are authorized and empowered to sell any or all of the personal or real property and to invest the several trust funds in first mortgages, etc. The executors were permitted to retain all or any part of the property as they found it and as in their judgment might seem advisable. By codicil the decedent provided among other things that the provision in the will for the daughter and wife should be a first and second charge respectively upon the estate, and if for any reason the estate should not realize sufficient to carry out all provisions of the will the decedent directed that preference be given to the provisions for his wife and child. The codicil also created an additional trust fund for the decedent's wife. Careful consideration of the provisions of this will leads me to believe that the provisions for the wife were in lieu of dower. Any other construction would be inconsistent with the directions given to his executors and trustees and incompatible with the theory of the will itself. The intention was to vest title in the

executors and trustees to the entire estate, and for them to invest and reinvest and apply the income from such investments for the purposes specified in the will and codicil. To give dower to the widow from the decedent's real estate would necessarily upset the scheme of the will and would keep from the hands of the trustees a portion of the property. The clause giving the power of sale is a strong indication of the testator's intention, taken in connection with the other clauses of the will and codicil. It is true that a mere power of sale to be promptly exercised for the purpose of distribution does not put the widow to her election, but here we have the vesting of title in the trustees, with power to sell and reinvest, and directions as to the control, management and payment of the income. Considering these conditions, it necessarily follows that the testator intended to keep the entire estate for the benefit of the trust and intended that the widow should have no dower in the real estate. In the instant case the widow has accepted the income of these trust funds for a number of years without making any claim of the dower right in the real estate, and the matter is now presented to this court by third parties. The property passed out of the hands of the trustee some time ago, and apparently the proceeds were placed in the trust fund out of which the widow has been drawing her income, as shown in the Surrogates' Court accounting. Under such conditions I think were she to set up a claim of dower she would be estopped. It is my opinion that the widow has elected to receive the income of the trust fund in lieu of dower and would be estopped at this date to claim dower on the premises in question. Submit judgment and findings in accordance with above.

Ordered accordingly.