Matter of the Estate of EDWARD MOELLER, Deceased.

(Surrogate's Court, New York County, October, 1921.)

*Wills — life estate to widow not stated to be in lieu of dower — election not required — Real Prop. Law, § 200 — when only entitled to income.*

PROCEEDING for construction of will.

Edward A. Alexander, for petitioner.

FOLEY, S. This is an application for the construction of the will of the above named testator in so far as it relates to the right of the widow of the deceased to obtain a dower interest in his estate. Paragraph second of the will reads as follows:

" *Second.* I give, bequeath and devise unto my beloved wife Lina Moeller absolutely during her natural life, the full, free and unrestrained use of my property, real, personal and mixed, wheresoever situated. I also give unto my said wife full power of sale of any of my said property described aforesaid during her natural life, and direct that any moneys so received by her shall be reinvested by her or by her and my executors hereinafter named, should it become legally necessary to first obtain said signature therefore, in such securities as the laws of New York permit an executor and trustee of an estate to invest. And I empower my said wife to reinvest such funds so received in any other securities which she may deem judicious, subject, however, to the consent of my nephew and executor hereinafter named, Mr. Henry M. Moeller."

Upon the death of the widow, the remainder is given to various relatives.

The interest of the widow under the provisions of this will is a legal life estate in all of the testator's property. There was no express direction that the gift to the widow was in lieu of dower. No trust was created. The claim of dower by the widow is not therefore inconsistent with the testamentary provisions for her benefit. *Lewis* v. *Smith,* 9 N. Y. 502; *Konvalinka* v. *Schlegel,* 104 id. 125, 129; *Purdy* v. *Purdy,* 18 App. Div. 310; *Horstmann* v. *Flege,* 172 N. Y. 381; *Matter of Springsteen,* 86 Misc. Rep. 389; *Matter of Bloss,* 100 id. 643. She is not required to

elect (Real Property Law, § 200), and is, therefore, entitled to her dower in the real property.

The contention of the petitioner that the widow is entitled to the profits on the sale of the premises 68 West Ninety-sixth street is erroneous. The widow is entitled to income only and is without power to invade the principal. Therefore the profit of $6,394.90 realized from this sale must be deemed to be capital and not income. This sum should be reinvested as·directed by the terms of the will.

Decreed accordingly.