Matter of the Estate of LUDWIG SOBEL, Deceased.

(Surrogate's Court, New York County, December, 1921.)

Wills — construction of — legacies — "relatives" limited to those who would take under Statute of Distributions — provisions for widow inconsistent with her taking dower — election.

A testator survived by his widow and two brothers and three sisters devised and bequeathed sixty per cent of all his estate, real and personal, to his wife and the balance equally to his " relatives " and in addition the wife was given all bonds and jewelry. *Held,* that " relatives " should be construed to embrace those only who would take under the Statute of Distributions in case of intestacy.

The provisions of the will for the widow are inconsistent with her taking dower and she is put to her election.

APPLICATION for construction of a will.

Joseph Day Lee, for executors.

Isidor E. Schlesinger, for legatee, Margaret Sobel.

COHALAN, S. This is an executors' accounting, in which this court is petitioned for a judicial construction of the last will and testament of the above-named deceased by reason of the following paragraph thereof:

" I hereby devise and bequeath 60 per cent. of all my real estate and personal property to wife, Margaret Sobel, and the balance equally to my relatives. All bonds and jewelry to my wife absolutely."

The court is asked to determine what persons are included in the term " relatives;" whether the legacy of the bonds and jewelry to the wife is in addition to the sixty per cent of the estate; and whether the provisions for the wife are in lieu of dower.

The testator left as his only next of kin and heirs at law two brothers and three sisters. He left a widow, but no descendants. The word " relatives " as used in this will should be construed to embrace those persons who would take under the Statute of Distributions in case of intestacy. *Gallagher* v. *Crooks,* 132 N. Y. 338; *Ennis* v. *Pentz,* 3 Bradf. 382. The terms " relatives " and " relations " in their primary sense are broad enough to include any one connected by blood or affinity, even to the remotest degree, but where they are used in wills as defining and determining legal succession such words are construed to include only those persons who are entitled to share in the estate as next of kin under a statute of distributions. Bouvier L. Dict. (3d ed.); Schouler Wills (5th ed.) § 537. The words are synonymous with next of kin, and a widow is not a next of kin. *Murdock* v. *Ward,* 67 N. Y. 387; *Luce* v. *Dunham,* 69 id. 36, 40;

Surrogate's Court, New York County, December, 1921.   [Vol. 117.

*Lawton* v. *Corlies,* 127 id. 100, 108; *Matter of Devoe,* 171 id. 281.   Furthermore, the testator plainly shows that the widow is not to be included in the term " relatives " by limiting her share to the specific sixty per cent.   If it were determined that she were included in that term, she would share equally with the testator's brothers and sisters in the balance, which was not the intention of the testator.   The bonds and jewelry are given absolutely to the widow.   This legacy is in addition to the sixty per cent of the real and personal property.

The widow is not entitled to dower in the testator's real estate in addition to the provisions made for her by his will.   Dower is favored by the law, and unless it is excluded by express terms or necessary implication the widow is not put to an election.   In this will it is not excluded by express terms but if the widow is allotted dower in addition to the bequest and devise to her, it will destroy the scheme of the will, which is to divide the testator's estate between his widow and his relatives in the ratio of sixty to forty.   Such ratio cannot be preserved if, in addition to the sixty per cent, the widow is to have dower.   The provisions of this will are inconsistent with the widow taking dower, and she is therefore put to her election.   *Wilson* v. *Wilson,* 120 App. Div. 581, and cases cited therein; *Matter of Gorden,* 172 N. Y. 25.

Submit decree on notice, construing the will accordingly and settling the account.

Decreed accordingly.