JOSEPH LORIA, INC., Appellant, *v.* THE STANTON COMPANY and Others, Respondents.

First Department, May 19, 1922.

Vendor and purchaser — action to compel specific performance of contract to convey — full covenant deed tendered by defendants but objected to on ground that widow of former owner had dower right — estate of former owner consisted mostly of personal property — $100,000 trust was created for benefit of wife but not stated to be in lieu of dower — contract will not be specifically enforced.

A contract for the sale of real property by which the vendor agrees to convey to the purchaser by a full covenant deed will not be specifically enforced as against the purchaser, where it appears that a former owner of the property died leaving about $17,000 worth of real property and about $1,300,000 worth of personal property; that by his will and a codicil thereto trusts for the benefit

of his wife were created to the extent of $100,000, and after certain other specific trusts were created the residue of the estate was left in trust for the benefit of his daughter, and that there was no provision in the will that the benefits thereby given to the wife were to be in lieu of dower.

The provisions in the will in favor of the wife were not so incompatible with the assertion of the dower interest of the wife that the provisions in her favor must be read as in lieu of dower, and while it is not clear and cannot be determined in this action whether or not the widow is entitled to dower, the contention that the widow has the right of dower has sufficient support in the authorities to make the title at least a doubtful one, and, therefore, the purchaser is not required to accept it.

APPEAL by the plaintiff, Joseph Loria, Inc., from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 7th day of July, 1921, upon the decision of the court, rendered after a trial at the New York Special Term, dismissing the complaint in an action to compel the defendants to specifically perform a contract for the sale of real estate, and directing the plaintiff as purchaser to perform such contract under a counterclaim asserted in defendants' answer.

*Nathan Burkan* [*Louis D. Frohlich*, of counsel], for the appellant.

*Griggs, Baldwin & Baldwin* [*Peter F. McAllister*, of counsel], for the respondents.

CLARKE, P. J.:

In the contract between the parties the defendants agreed to convey to the plaintiff certain premises upon Twenty-fifth street in the city of New York by a full covenant deed. A part of the premises was formerly owned by Joseph D. Carroll in his lifetime to the extent of a one-third interest. Carroll died on November 23, 1912, leaving him surviving a widow, Martha L. Carroll, and a child, Lorena Carroll. He left upwards of $1,300,000 in personal property and an interest in real estate amounting only to about $17,000. Of this real estate the premises in question, consisting of an undivided one-third interest, were a part. In his will he created several trusts. He left a trust of $50,000, the income of which should be paid to his wife for life. By a codicil thereafter executed he left another $50,000 trust, the income of which should be paid to his wife for life or until she remarried. There were various other specific trusts created to the extent of about $400,000. He then provided in the 16th paragraph of his will that " All of the rest, residue, and remainder of my estate, both personal and real, of whatsoever nature and wheresoever situate, I give, devise and bequeath to my executors and trustees, hereinafter named, in trust, however, for the following uses and purposes." The trust created by this paragraph was for the benefit of his daughter during life, with other disposition after the death of the daughter. There

was no provision in the will that the benefits thereby given to the wife were to be in lieu of dower. The defendants tendered a full covenant deed which was objected to by the plaintiff upon the ground that the widow of Joseph D. Carroll was entitled to a dower interest in part of the premises in question. The defendants contend that the provisions of the will were so incompatible with the assertion of a dower interest of the wife that the provision in favor of the wife must be read as in lieu of dower, and for failure to elect to sue for her dower the widow has forfeited all claim thereto, and they refused to attempt to secure or furnish a release of dower executed by Martha L. Carroll.

The trial court has held with the defendants and has, in effect, compelled the plaintiff to accept the title upon the ground that the provision for the widow was intended to be in lieu of dower, and that she, having accepted the income under the trust created by the will, has forfeited all right of dower in said premises. (115 Misc. Rep. 640.)

In *Cerf* v. *Diener* (210 N. Y. 156) it is held: " A purchaser under a contract for the sale of real estate is entitled to a marketable title and will not be compelled to take property, the possession of which he may be obliged to defend by litigation, or to receive a title that is subject to probable claims by another, or that will not be reasonably free from any doubt which will interfere with its market value." Martha L. Carroll is still living and makes claim for dower in these premises owned by her husband at his death, and asserts that she had no knowledge of the ownership by her husband of these premises until about the time of the commencement of this action.

The question thus presented is not whether under the will of Joseph D. Carroll the widow was put to an election, but whether she might make a claim to dower which would either render the title unmarketable or would subject the vendee to a probable action by the widow in assertion of her dower right. In other words, a vendee is not required to take title whereby he buys a probable litigation. Martha L. Carroll is not a party to this action, and no adjudication herein can conclude her in any attempt that she might hereafter make to have her dower admeasured.

While, of course, in this action it cannot be determined that Mrs. Carroll is entitled to dower, it is clear that the claim is not fanciful nor unsubstantial. The law of this State, as presented by the cases, was painstakingly considered in an extreme case where there were many equitable considerations presented against the claim of dower, in *Roessle* v. *Roessle* (163 App. Div. 344; affd., 171 id. 944; affd., 223 N. Y. 552). The will involved in that case

had been executed in Washington, D. C., where testator resided. It provided *inter alia:* " All the rest, residue and remainder of my estate of every kind and description, real, personal and mixed, wheresoever and howsoever situated, now owned or that may hereafter be acquired by me, I give, devise and bequeath unto my wife, Nelly Taylor Roessle, my son, Elwood Osborn Roessle, and my daughter, Marion Louise McKinney, absolutely and in fee simple, share and share alike." He appointed his wife and his son-in-law executors, and all parties proceeded upon the theory that the will disposed of all the residue equally to the three, share and share alike. There was no contention but that under the law of the District of Columbia the terms of the will barred dower. But testator left some real estate situate in the State of New York. This court there said: "In 14 Cyc. 888, it is said: ' The widow's right to dower in her husband's lands, the time and manner of assigning the same, and the causes by which it may be defeated are all determined by the law of the place where the property subject to dower is located.' * * * The dowress is the ' favorite of the law.' (*Matthews* v. *Duryee,* 4 Keyes, 525.) " This court further said: " So far as the real estate located in this State is concerned, the law is settled; that the provision of the will for the wife must be so clearly incompatible with the preservation of her dower right as to compel the conclusion that that was what the testator intended; that where there is any room for doubt it must be resolved in favor of the dower right. * * * There is no force in the claim of an estoppel or waiver, because it is conceded, and the court found, that appellant knew nothing of her rights under the New York law until a short time prior to the commencement of this action. She could not waive a right of which she had no knowledge."

In the case at bar the widow's claim has sufficient support within the authorities to make the title at least a doubtful one and one which would probably subject the vendee to an action for the admeasurement of the widow's dower, and such title under all the authorities is not one which the vendee is required to accept under the contract in question.

The judgment should, therefore, be reversed, with costs, the counterclaim dismissed, and the action should be remitted to the Special Term to determine the damages to which the plaintiff is entitled by reason of defendants' breach of their contract.

LAUGHLIN, SMITH, MERRELL and GREENBAUM, JJ., concur.

Judgment reversed, with costs, counterclaim dismissed and action remitted to Special Term for action in accordance with opinion. Settle order on notice.