In the Matter of the Transfer Tax on the Estate of GEORGE P. WETMORE, Deceased.

Surrogate's Court, New York County, December, 1922.

**Wills — construction — transfer tax — when dower should be deducted from amount of estate.**

Under the will of decedent which made no provision in lieu of dower his widow was given a life estate in the residuary estate which consisted of both real and personal property. *Held*, that the power given to her and testator's daughters as executrices to sell, mortgage or lease the real estate or change the form of any investment, whether of real or personal property, was not inconsistent with the widow's right of dower.

The claim for dower not being inconsistent with the interests of any other beneficiary under the will, the widow was not bound to elect between the testamentary provisions in her favor and dower, and the value of her dower interest must be deducted in a transfer tax proceeding.

APPEAL from order fixing a transfer tax.

*Parsons, Closson & McIlvaine (William E. Carnochan*, of counsel), for appellants.

*Lafayette B. Gleason*, for State Comptroller.

COHALAN, S. This appeal is taken by the executrices from the order fixing the transfer tax, on the ground that no allowance was made for the dower interest of the widow in the real property in this state of which decedent died possessed.

The will gives to the widow the income for life in testator's residuary estate, consisting of real and personal property. The executrices, who are the decedent's widow and two daughters, are authorized to sell, mortgage or lease the real estate, or to change the form of any investment, whether of real or personal property. No provision is made for the widow in lieu of dower. She receives under the will a legal life estate. The powers given to the executrices are not inconsistent with her right of dower (*Lewis* v. *Smith*, 9 N. Y. 502–512; *Konvalinka* v. *Schlegel*, 104 id. 125; *Matter of Frazer*, 92 id. 239), for her claim does not conflict with the interest of any other beneficiary under the will. The widow is not bound, therefore, to choose between the testamentary provision and her dower. *Lewis* v. *Smith, supra; Konvalinka* v. *Schlegel, supra; Matter of Springsteen*, 86 Misc. Rep. 389; *Matter of Moeller*, 117 id. 803; *Matter of Bloss*, 100 id. 643. The value of the dower interest should have been deducted. *Matter of Weiler*, 122 N. Y. Supp. 608; affd., 139 App. Div. 905.

The appeal is sustained. The report of the appraiser will be remitted to him in accordance with this decision, or an order may be entered on notice amending the order fixing the transfer tax by making proper allowance and deduction for the value of the dower.

Appeal sustained.