ELEANOR S. KETCHUM, Plaintiff, *v.* JESSE KETCHUM, Defendant.

Supreme Court, Erie County, February 11, 1931.

*Donald Bain,* for the plaintiff.

*John J. Sullivan,* for the defendant.

HARRIS, J.   The late husband died on the 12th day of February, 1929, and this action was brought on the 14th day of October, 1930. The defense is that there are provisions for the plaintiff made in the last will and testament of her late husband, which provisions are in lieu of dower and that the time for the plaintiff to elect between taking that which is provided by the will, or her dower rights, has expired.   (Real Prop. Law, §§ 200, 201; § 201 amd. by Laws of 1929, chap. 229.)

There can be no dispute concerning the legal principles involved. The plaintiff is entitled to dower in her husband's real property unless she has been excluded from such right of dower by the provisions of his last will and testament.   Such exclusion may be contained in the provisions of such will, either directly or by implication.   (*Matter of Gorden,* 173 N. Y. 25.)

In the last will and testament of the late husband of the plaintiff there is no direct language of exclusion.   However, from the language of such last will and testament it may be implied that the decedent intended to make provision for his wife in lieu of dower.   Those portions of such last will and testament which are pertinent to the question at bar are the 2d, 3d, 4th and 5th paragraphs of such will.

By means of the 2d and 3d paragraphs, the decedent bequeaths to his wife all of his personal property except a one-half interest in household belongings, which one-half is left to the son of the

decedent who is also the stepson of the plaintiff and who is the defendant in this action.

The language of the 4th and 5th paragraphs is as follows:

"*Fourth.* I give, devise and bequeath to my wife one-half ($\frac{1}{2}$) of the net rents and receipts of the premises known as 177 Main Street, Buffalo, New York, situate on the northeast corner of Main Street and Exchange Street, and being twenty (20) feet on Main Street and sixty (60) feet in depth, during the term of her natural life.

"*Fifth.* Subject to the devise and bequest in the last preceding paragraph of this Will to my wife of one-half ($\frac{1}{2}$) of the net rents and receipts of premises 177 Main Street during the term of her natural life, I give, devise and bequeath to my son, Jesse Ketchum said premises number 177 Main Street situate on the northeast corner of Main Street and Exchange Street in Buffalo, being twenty (20) feet on Main Street and sixty (60) feet in depth, and to his heirs and assigns for ever."

It will be noted that after devising and bequeathing one-half of the net rents of the premises 177 Main street, Buffalo, to the plaintiff, the decedent devises and bequeaths to the defendant such premises subject to the devise and bequest of the one-half of the rents to the plaintiff. The verbiage of such 5th paragraph, plus the bequest of practically all of the personal property of the decedent, leads me to the conclusion that the decedent intended the Main street premises, when it became the property of the defendant, should be burdened only with one-half of the net rents and not by an additional one-third of the income of the premises.

In paragraph 6 of such last will and testament the decedent gives and bequeaths to trustees the entire net income of certain other premises in the city of Buffalo for the use of the granddaughter and her descendants. The plaintiff does not claim any dower interest in such other premises, asserting that she did not desire to interfere with the provision made for the grandchildren of the decedent. I feel, however, that the provisions of such 6th paragraph furnish further indication that, in addition to the provisions made by the will, his widow, the plaintiff, was not to receive dower in his estate.

In view of the foregoing, I find against the plaintiff in this action and in favor of the defendant, and direct that the complaint be dismissed. Findings and judgment in accord with the foregoing may be submitted to me for signature.