In the Matter of the Estate of JOHN T. REHILL, Deceased.

Surrogate's Court, Westchester County, January 8, 1932.

*James J. Conlin,* for the widow, petitioner.

*William A. Davidson [John W. Davidson* of counsel], for the residuary devisees.

SLATER, S. The testator not having declared in express terms that the provisions made by his will for the widow are given in lieu of dower, the widow brings this proceeding for a construction of the will and a determination of the question whether she is put to her election.

The decedent died August 6, 1930, and the will was admitted to probate on September 4, 1930. The testator took a second wife on July 2, 1929, and he executed his will July 3, 1929. The decedent's first wife had died leaving him and six children surviving. On February 5, 1931, the widow instituted in the Supreme Court an action to enforce dower.

The rule is that a wife is not put to her election between dower and a testamentary disposition in her favor unless it clearly appears from the will that the provision made for her was intended as a substitute for that to which she is entitled by law. The intention may be implied if the claim of dower is inconsistent with the will. Dower is never excluded by a provision for a wife except by express words or by necessary implication.

Is the gift to the widow so repugnant to the claim of dower that they cannot stand together? Briefly, the provisions of the will are as follows: The 2d paragraph gives certain property in the Bronx to a daughter, provided she pays off a mortgage on a piece of property which decedent had conveyed to a son. This clause became ineffectual because the testator conveyed the Bronx property to the daughter in his lifetime. In the 3d paragraph of the will he gives to a son a bond and mortgage which testator held upon the son's property. The 4th paragraph directs that the property on Park drive, White Plains, be sold and the proceeds held in trust for grandchildren. This clause of the will is ineffectual

because the testator conveyed it, during his lifetime, to four of his children.

The 5th paragraph deals with the rent of the only piece of real property of which the testator died seized, and which is devised under the residuary clause of the 6th paragraph of the will. The 5th and 6th paragraphs are as follows:

" *Fifth.* The income or rent which shall be due and continue to become due under the terms of the lease existing upon the real estate situated at the southwest corner of Brookfield and Main Street, White Plains, New York or under any lease existing at the time of my death, upon any real estate of which I may die seized and possessed of the fee, I direct to be paid unto my Executors and by them divided immediately upon its receipt into six equal parts, one part I give unto each of my five children hereinafter named, to wit: — Mary R. Rehill, Frank M. Rehill, Gertrude V. Rehill, Charles P. Rehill and Rosanna Tully Fennelly; the remaining one part I give unto my wife, Alice Grace Rehill. * * *

" *Sixth.* All the rest, residue and remainder of my estate, both real and personal, of which I may die seized and possessed, including the fee of all my real estate on which long term leases may now exist, I give, devise and bequeath, share and share alike, unto my children, Mary R. Rehill, Frank M. Rehill, Gertrude V. Rehill, Charles P. Rehill and Rosanna Tully Fennelly."

The 7th paragraph of the will appoints his wife, the petitioner, and a daughter executrices with full power to mortgage, lease or sell " *any of my real estate which may not be under long term leases.*"

It is stipulated that the only real property owned by the decedent at the time of his death is the real estate situate on the corner of Main and Brookfield streets, White Plains, and that it is subject to a long-term lease to S. S. Kresge Company. The only piece of real estate left by the decedent is not affected by the power of sale because of the limitation placed on the exercise of the power of sale.

The lease upon the only piece of real estate left by the decedent is dated July 10, 1923, and is between the testator and the Kresge Company for a term of fifteen years beginning June 1, 1923, with a right to renewals to June 1, 1983. The rental at the making of the lease, and at the date of the testator's death, was $7,500 per annum, with provision in the lease that all taxes and other charges were to be paid by the lessee. So the gift to the widow of one-sixth of the net rental was $1,250 per year.

The assessed value of land and building, at the time of the death of the testator, of the Main street property was $227,000. The petitioner, the widow, at such time was about thirty-five years of age.

The children of the testator contend that the petitioner, the widow, is not entitled to both dower right and the provision made in her favor for one-sixth of the rents of the Main street property, for the reason that the provisions of the will as a whole are inconsistent with her dower right, and repugnant to the testator's scheme and plan for the disposition of his property.

They also raise the question of inequality in the rent, in case of the widow's dower, as she would take four-ninths of the rentals, and claim that this would be repugnant to the scheme of the will, which calls for a division into six parts.

Counsel have briefed the question whether a trust of the rents was created. I hold that a trust was not created. A gift of the fee by the residuary clause to the five children merged the right to the rents in them, except as to one-sixth share thereof given to the widow. The devisees are entitled to the rents, not because of the gift in the 5th paragraph of the will, but on account of their ownership of the fee simple title under the 6th paragraph of the will. The title to the fee of the real estate is in the five children. The income or rental from the existing lease is subject to the charge of the payment of one-sixth thereof to the widow. This gift is a legacy, a gift of rents up to a specified share for a specified term, which may be less than the life of the widow. In the event of the termination of the lease by expiration of its terms or otherwise, the charge and the gift of income to the widow would disappear. The executors, in the collection of rents, are acting simply as agents for those who were vested with the title to the realty. They are nothing more than trustees by acquiescence or agents by consent. (*Matter of Miller*, 257 N. Y. 349, 357.)

The cases which hold that provisions in wills are repugnant to the claim of dower construe wills which create trust estates wherein the entire estate is in the trustees. The theory is that, if the entire estate is placed in the hands of trustees, another estate or interest cannot enter or exist, and impliedly the testator intended to eliminate the widow's dower. The leading cases are *Savage* v. *Burnham* (17 N. Y. 561); *Tobias* v. *Ketchum* (32 id. 319); *Vernon* v. *Vernon* (53 id. 351).

*Matter of Gorden* (172 N. Y. 25 [1902]) is a more recent case on the subject, and holds that where a valid trust is created covering all the real estate of the testator, it is inconsistent with the right of the widow to manage or control any part of the realty. There was a similar holding in the following cases: *Wilson* v. *Wilson* (120 App. Div. 581 [2d Dept. 1907]; *Loria, Inc.*, v. *Stanton Co.* (115 Misc. 640 [1921]).

In *Matter of Sobel* (117 Misc. 508 [1921]) dower was excluded,

the court holding that it would destroy the scheme of the will, which was to divide the testator's *whole estate* between his widow and his relatives in the ratio of sixty to forty.

In *Matter of Walsh* (126 Misc. 479 [1926]) the scheme of the will left the time of distribution to the *discretion of the executors*. The executors not only had a power of sale, but the power was mandatory.

In *Rubenstein* v. *Rubenstein* (221 App. Div. 612 [1927]) a valid trust was created governing all the real estate of the testator.

In *Matter of Reese* (132 Misc. 274 [1928]) Surrogate O'BRIEN held that the provision for the widow was incompatible with the right of dower because the legal title to real estate was given to trustees with full power to sell.

In *Ketchum* v. *Ketchum* (139 Misc. 207 [Feb. 1931]) the court held that, from the language of the will, it may be implied that the decedent intended to make provision for the wife in lieu of dower. By the 2d and 3d paragraphs of the will the decedent bequeathed to his wife *all of his personal property*. By the 4th paragraph of the will he gave to the wife one-half of the rents of certain premises. By the 5th paragraph of the will he devised the same premises to a son, *subject to the gift* to the wife of one-half of the rents. The court said: " The verbiage of such 5th paragraph, plus the bequest of practically all of the personal property of the decedent, leads me to the conclusion that the decedent intended the Main street premises, when it became the property of the defendant, should be burdened only with one-half of the net rents and not by an additional one-third of the income of the premises." It would appear that the court made this ruling because the gift of the real estate by the 5th paragraph of the will was made *subject to the devise* and bequest of the one-half of the rents to the widow.

In *Ketchum* v. *Ketchum* (*supra*) the gift of land was a *specific* devise. It did not pass under a residuary clause.

*Lewis* v. *Smith* (9 N. Y. 502) is one of the early decisions holding that the widow was not put to her election. In this case the devise was of the testator's whole estate to his widow for life, with remainder over, and it was held it was not a provision in lieu of dower. This case was followed on similar facts in *Matter of Zahrt* (94 N. Y. 605); *Matter of Wetmore* (119 Misc. 771; affd., 206 App. Div. 614; affd., 237 N. Y. 529); *Matter of Moeller* (117 Misc. 803).

In *Matter of Frazer* (92 N. Y. 239 [1883]) the will gave the residuary estate to the wife and two others *equally*. The court said: " The provision giving the rest, residue and remainder of his property to the widow and the McDonalds is not inconsistent with dower  *  *  *.  The two may stand together."

*Konvalinka* v. *Schlegel* (104 N. Y. 125 [1887]) is a leading case. The court distinguished this case from *Savage* v. *Burnham* (*supra*) and *Tobias* v. *Ketchum* (*supra*). The rest, residue and remainder of the estate was directed to be sold and the proceeds divided *equally* among the wife and children. The court also uttered the following pertinent words: " The intention of the testator to put the widow to an election cannot be inferred from the extent of the provision, or because she is a devisee under the will for life or in fee, or because it may seem to the court that to permit the widow to claim both the provision and dower would be unjust as a family arrangement, or even because it may be inferred or believed, in view of all the circumstances, that if the attention of the testator had been drawn to the subject he would have expressly excluded dower. * * * The proceeds of the testator's estate were, by the will, to be equally distributed. It left untouched the dower of the widow, which he could not sell * * * and which was a legal right not derived from him and paramount to all others. It may be conjectured, perhaps reasonably inferred, that the testator really intended the provision for his wife to be exclusive of any other interest, but so it is not written in the will, and we are not permitted to yield any force to the suggestion. It is a question of legal interpretation which has been settled."

In *Kimbel* v. *Kimbel* (14 App. Div. 570 [2d Dept. 1897]) the testator gave $50,000 in trust to pay the income to the wife. The remainder of the estate he devised to his seven children, with power of sale to the executors for the purpose of dividing the estate to pay the legacies hereinbefore mentioned. The court held that the provision for the widow was not made in lieu of her dower, *and that the gift of the residuary estate to the children only affected the disposition of what was left of the estate after dower had been deducted.*

In *Glaser* v. *Glaser* (67 App. Div. 132 [1901]) the testator gives to his widow one-third of the *proceeds* of the sale of certain real property, and the court found no inconsistency between the claim of the widow's dower and her right to the bequest. (*Matter of Fitter*, 92 Misc. 706 [1915]; *Matter of Knabe*, 94 id. 67 [1916].)

In *Matter of Lakner* (125 Misc. 654 [1925]) Surrogate SCHULZ clearly states the law, saying: " The fact that the widow is given the *income* of the residue of the estate * * * does not show an intent on the part of decedent that such gift is to be in lieu of dower. (*Lewis* v. *Smith*, 9 N. Y. 502.) Nor does the fact that the principal may be invaded indicate such wish by the decedent. * * * The creation of a trust, however, which requires that the entire title free from the dower interest, shall be vested in the trustees * * * has been held to show an intention on his

part that the provisions, if accepted, be in lieu of dower." (See *Matter of Fairchild*, 138 Misc. 363.)

Is the legacy of one-sixth of the income of the rent of the residuary real estate to the widow enough to put her to an election? I think not.

A point formerly much discussed was whether the widow was put to election by a rent charge or annuity charge on the property out of which dower arose. In *Pitts* v. *Snowden* (1 B. W. C. C. 292, n.) it was decided that she was not. This decision has been followed in the later English cases. (1 Jarman Wills, *431.)

It has been stated that a gift of an annuity to the wife charged upon the lands, or a devise of part of the realty to her, is not sufficient to bar the right of dower. (*Vernon* v. *Vernon*, 53 N. Y. 351, 362.)

The question of gift of an annuity or legacy was considered by Chancellor KENT in *Adsit* v. *Adsit* (2 Johns. Ch. 448). The question was further considered in *Fuller* v. *Yates* (8 Paige Ch. 325); Story Equity (§ 1088); *Wood* v. *Wood* (5 Paige, 596).

*Matter of Frazer* (*supra*, at p. 250) had to do with a charge on one parcel of land, and the court said: " The existence of such a charge does not necessarily exclude the widow's dower."

In *Horstmann* v. *Flege* (172 N. Y. 381, 386 [1902]) the court said: " So, the mere gift of an annuity by the testator to his widow, although *charged upon all his property*, is not sufficient to put her to an election between that and dower, even although the will contains the gift of the whole of the testator's real estate to another person." (Italics are writer's.)

In *Roessle* v. *Roessle* (163 App. Div. 344 [1914]) the testator gave all the rest, residue and remainder of his estate to his wife, his son and his daughter, in fee simple, *equally.* Dower was claimed in the real estate and dower was sustained. The equal division of the fee did not interfere with the scheme of the testator as disclosed by the will. (See *Roessle* v. *Roessle*, 171 App. Div. 944; affd., on opinion in *Roessle* v. *Roessle*, 163 id. 344; affd., 223 N. Y. 552; *Closs* v. *Eldert*, 30 App. Div. 338 [2d Dept.].)

In *Matter of Ellinger* (120 Misc. 276 [1923]) the testator bequeathed to the wife *one-third part of the income* of any and all real and personal property. The court held that the widow was entitled to both gift and dower.

The residuary clause of the will carries the gift of the fee and the burden of paying all charges. The children take as residuary devisees. There can be no true residue until all charges are provided for, those created by the will and by legal incidents, dower included. The fact that residuary legatees or devisees may be

disappointed will not affect the case — "that is one of the fortunes of residuary gifts."

To summarize the instant case, no trust estate of any kind is created; no power of sale is given; the real estate is granted in fee simple through the residuary clause; a legacy of one-sixth of the rentals of such real estate is given to the widow for the duration of the "existing lease." The gift paid out of certain rents and income is a demonstrative legacy. (*Florence* v. *Sands*, 4 Redf. 206.)

From a review of the cases, a study of the principles and the rule of their application, it is my opinion that it does not appear by implication on the face of the will that the testator intended that the widow should be excluded from her right of dower because of the testamentary provision made for her, for the reason that there is no clear repugnancy existing between the gift of one-sixth of the rent of the residuary real property and the existence of her dower in such real property. Neither does this ruling disturb the scheme of the testator as manifested by the will. The widow is not put to her election to decide between the gift and dower. She is entitled to dower in the real estate of her husband.

Submit decree in accordance with this opinion and decision, upon notice to opposing counsel.