In the Matter of the General Assignment for the Benefit of Creditors of HARRY FREIBERGER to DANIEL F. NEWMAN, Assignee, Appellant; LAX & BURGHEIMER CORPORATION, Respondent. (Appeal No. 1.) — Order denying motion to restrain respondent, its attorneys and the marshal from conducting a sale affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

In the Matter of the General Assignment for the Benefit of Creditors of HARRY FREIBERGER to DANIEL F. NEWMAN, Assignee, Appellant; LAX & BURGHEIMER CORPORATION, Respondent. (Appeal No. 2.) — Order denying motion to resettle order affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

In the Matter of the Application of LENA GREENBERG for a Determination of Her Right under Section 18 of the Decedent Estate Law,* to Elect to Take an Intestate Share against the Provisions of the Last Will and Testament of ANCIL GREENBERG, Deceased. GEORGE SHAPIRO, as Executor, etc., of ANCIL GREEN-BERG, Deceased, and Another, Appellants; LENA GREENBERG, Respondent.— Decree of the Surrogate's Court of Kings county affirmed, with costs, payable out of the estate, to all parties who have filed briefs. Lazansky, P. J., Carswell, Scudder and Tompkins, JJ., concur; Young, J., dissents, being of opinion that section 18 of the Decedent Estate Law was not intended to apply to a will made before August 31, 1930, even though a codicil was made thereafter. The codicils in question do not by their terms disinherit the wife. Section 18 does not apply unless the execution of the codicils accomplished the re-execution of the will, and it has frequently been held that the execution of a codicil does not accomplish the re-execution of a will but is only a republication thereof. [141 Misc. 874.]

In the Matter of the Petition of ALICE G. REHILL for a Construction of the Last Will and Testament of JOHN T. REHILL, Late of the County of Westchester, Deceased. GERTRUDE V. REHILL HENNESSEY, Individually as One of the Legatees and as Executrix Named in the Last Will and Testament of JOHN T. REHILL, Deceased, and Others, Appellants; ALICE G. REHILL, as Executrix, etc., of JOHN T. REHILL, Deceased, Respondent.— Decree of the Surrogate's Court of West-chester county affirmed, with costs to respondent payable out of the estate. No opinion. Lazansky, P. J., Kapper, Carswell and Tompkins, JJ., concur; Young, J., dissents, with the following memorandum: It seems to me there is a clear intention shown here that the widow was to have no dower. The lease continues for fifty years. If the widow gets dower as well as the amount specifically given here, she will receive one-half of this rent, $3,750, annually as long as she lives, and the five children $750 each. The testator never intended this and the allow-ance of dower clearly defeats the scheme of the will. [142 Misc. 502.]

In the Matter of the Probate of the Paper Propounded as the Last Will and Testament of SILAS A. TUTTLE, Deceased. LILLIAS R. SMITH, Appellant; ELIZA-BETH I. PARSONS and Others, Respondents.— Order of the Surrogate's Court of Suffolk county denying petitioner's motion to vacate order for the examination of subscribing witnesses affirmed, with ten dollars costs and disbursements to

* Added by Laws of 1929, chap. 229, as amd. by Laws of 1930, chap. 174, and Laws of 1931, chap. 562.— REP.