McCurn, J.
The appellant, Lottie C. Gruman, petitioned the Surrogate’s Court, Onondaga County, for the preferential payment of her legacy undér the terms of the last will and testament of her late husband, Charles P. Gruman, alleging that there was insufficient personal property to pay all general legacies in full and that she was entitled to a preference since her legacy was intended by the testator to be in lieu of dower. The Surrogate denied her petition upon the finding that she had entered into a binding agreement with other legatees to accept a proportionál abatement of her bequest. She appeals to this court upon the ground that parol evidence concerning the purported agreement was erroneously received.
The widow had dower rights in all of the real property of her husband since this property was acquired before the abolition of dower in 1930 (Real Property Law, § 190). We construe the provisions of his will, however, as being in lieu of dower since they are inconsistent with an assertion of dower rights. While it is not necessarily inconsistent that she has a mere life estate in the family home (Lewis v. Smith, 9 N. Y. 502), nor that the cottage is devised to the son (Havens v. Sackett, 15 N. Y. 365, 372), nor that the executor has the right to sell real estate (Matter of Fraser, 92 N. Y. 239), it is inconsistent that her rights in the family home and the residuary trust are to cease on her remarriage (Sanford v. Jackson, 10 Paige 266), that she is to have one of four equal shares in the income from the residuary estate (Matter of Sobel, 117 Misc. 508), and that the executor is to have power to manage, control and mortgage the business property (Tobias v. Ketchum, 32 N. Y. 319). Accordingly, the widow was put to her election (Matter of Tailer, 147 App. Div. 741, affd. 205 N. Y. 599) and, having failed to elect within six months after the death of the testator, she is deemed to have elected to take under the will (Real Property *417 Law, § 201). Having so elected, “ she must .do so * * * on the assumption that it will be paid, if there is any property with which to pay it ” (Sanford v. Sanford, 4 Hun 753, 757). Hence she is entitled to a preference over all other legatees, but not over creditors, out of the personal estate of her husband, being regarded as a purchaser of the property left to her (Matter of Smallman, 138 Misc. 889, 905). This preference may be strengthened, although we have insufficient facts upon which to decide the point, by a showing that she was dependent upon the testator’s bounty and that the sons and grandchildren were not (Matter of Gabler, 267 N. Y. 559; Matter of Stumpp, 153 Misc. 92, 102; Matter of Smallman, 138 Misc. 889, 908, supra). The respondents urge, however, that the widow is estopped from asserting this preference by a binding agreement to accept a prorata abatement of her legacy. The force and effect of this purported agreement, and the circumstances surrounding its execution in part, were the main matters litigated on the trial of this proceeding before the Surrogate. Over the objection of the appellant, a great amount of parol evidence was admitted to show that the part of the agreement which was reduced to writing failed to include, because of fraud or' mistake, provisions about abatement of the legacies. It is not clear from the answer of the respondents whether they are interposing the oral agreement as a defense in itself, or are asking rescission of the written agreement, or are asking that the written agreement in effect be reformed to include the oral agreement. We assume it is the latter.
Treating the oral agreement as an alleged collateral contract, there are three conditions which must be satisfied before it can be received to vary the written contract: “ (1) the agreement must in form be a collateral one; (2) it must not contradict express or implied provisions of the written contract; (3) it must be one that parties would not ordinarily be expected to embody in the writing; or put in another way, an inspection of the written contract, read in the light of surrounding circumstances must not indicate that the writing appears ‘ to contain the engagement of the parties, and to define the object and measure the extent of such engagement.’ Or again, it must not be so clearly connected with the principal transaction as to be part and parcel of it ” (Mitchell v. Lath, 247 N. Y. 377, 381). We fail to see how the second and third of these conditions can be satisfied, even assuming that the oral agreement is, in fact, a collateral one. It would contradict the express statement in the contract that other rights of the parties were to remain *418 unaffected. The contract is manifestly complete in its terms. It contains mutual obligations and promises, declares the limit of its effect, and recites the circumstances under which it was drawn. There is no ambiguity in the phrases used. Even if it be assumed that there was fraud, misrepresentation, or mistake of law in the use of the phrase “ in lieu of her dower ” still the phrase merely confirmed what we have seen to be a correct conclusion of law.
We, therefore, reach the conclusion that parol evidence was inadmissible to add to the terms of the written contract and that, accordingly, the petition should have been granted on its merits insofar as it asked for the preferential payment of the widow’s legacy.
The petition also asks that it carry interest from the date of death, that the executor be restrained from making prior distribution to other legatees, that the reasonable fees, costs and disbursements of the petitioner’s attorney be paid, that the executor be removed or be required to give a bond, and that the executor be surcharged. Since the Surrogate decided ■ that the alleged oral agreement was a complete answer to the petition, he did not reach or decide those questions.
The decree should be reversed on the law, with costs to appellant payable out of the estate, and the matter remitted to the Surrogate for further proceedings in accordance with this opinion.
All concur. Present — Taylor, P. J., Dowling, McCurn, Larkin and Love, JJ.
Decree, so far as appealed from, reversed on the law, with costs to appellant payable out of the estate, and matter remitted to the Surrogate’s Court for further proceedings in accordance with the opinion.